## City of Peoria v. Max M. Gugenheim.

1. ORDINANCES—*Discrimination Between Persons.*—An ordinance which discriminates between persons of the same class and imposes a penalty for an act done by one person and exempts another who does a like act, is unreasonable and void.

2. SAME—*Extortionate License Fees.*—An ordinance fixing the license

City of Peoria v. Gugenheim.

fees of itinerant or transient merchants at unreasonable and extortionate rates is void.

3. Municipal Corporations—*Discretion of City Council not Absolute.*—The discretion of a city council as to whether an ordinance is reasonable, is not absolute, but is subject to the limitation that the ordinance must, in fact, be reasonable.

4. Same—*Exercise of Delegated Power Must be Reasonable.*—When the power to legislate on a given subject is conferred upon a municipality, and the mode of its exercise is not prescribed by the act, an ordinance passed in pursuance thereof must be a reasonable exercise of the power or it will be invalid.

5. Same—*Ordinances—When to be Taken as a Whole.*—A section of an ordinance imposing a fine, but excepting certain classes of persons from its operation, can not be held void, and other sections under which a prosecution is had, held valid. An ordinance must be taken as a whole.

6. Same—*Not Liable for Costs.*—A city is not liable for costs when defeated in an action to recover a penalty for the violation of an ordinance.

**Action for Violation of an Ordinance.**—Appeal from the Circuit Court of Peoria County; the Hon. N. E. Worthington, Judge, presiding. Heard in this court at the May term, 1895. Affirmed, etc. Opinion filed December 10, 1895.

W. T. Irwin, city attorney, and W. I. Slemmons, attorneys for appellant.

Thomas Cooney, attorney for appellee.

Mr. Justice Lacey delivered the opinion of the Court.
This was a suit brought before the police magistrate on a warrant against appellee charged with violating an ordinance of the city of Peoria, being Art. 27. The cause was appealed from the magistrate to the Circuit Court, and there tried by the court on an agreed state of facts. The ordinance is as follows, or as much of it as is material:

Paragraph 1. "It shall be unlawful for itinerant merchants and transient venders of merchandise to carry on their occupation within this city without first having procured a license therefor as herein provided.

Paragraph 2. "Every person, firm or corporation who goes from one city or village to another, stopping only a

limited period of time in each for the purpose of selling goods, wares and merchandise, shall be held and deemed to be an itinerant merchant or transient vender of merchandise."

Paragraph 3 provides the penalty for every day's violation of the ordinance against such itinerant merchant or merchants guilty of selling without a license of not less than $5 nor more than $50.

Paragraph 4 provides that every such person as mentioned in paragraph one, shall obtain a license from the mayor upon the payment to the city clerk of the sum of $50 for a month's license. This ordinance was amended so as to make the license $200 per month.

Paragraph 5. "This article shall not be so construed as to apply to any person or persons coming into the city from the country with any produce for market, or to any person selling vegetables, berries, or the produce of their own farm or premises, nor shall commercial travelers employed by wholesale houses in selling staple articles of merchandise to merchants of this city or to permanent traders doing business in the city be deemed to be within the meaning of this article."

It was further agreed that appellee, before the suit was commenced, was engaged in the business of retailing clothing and gents' furnishing goods, and was so engaged for a long time prior to July 7, 1894, and that for two years prior to July 7, 1894, and up to January 22, 1895, the said defendant had been engaged in selling clothing and gents' furnishing goods, by locating, for a short space of time, in various cities, towns and villages, and making sale and delivery of his goods as aforesaid, and that on the 7th day of July, 1894, the said defendant came to the said city of Peoria with his said stock of clothing and gents' furnishing goods and rented a store room on No. 118 North Adams street, in said city of Peoria, and therein placed his said stock of goods aforesaid, and from the 7th day of July to the 14th day of July (excepting Sunday July 8, 1894), inclusive, he made sale and delivery from his said store room in said city of Peoria, in the

county of Peoria and State of Illinois, of clothing and gents' furnishing goods; that on the 5th day of July, 1894, he removed his said stock of goods to another city in said State; that when the said defendant opened up his said store in said city it was his intention only to remain a week or ten days; that resident clothing merchants permanently located in said city are not required to take out a license.

It was further stipulated that the appellee took out no license under article 27 of the ordinances of the said city as required by the said article 27. The court, after hearing the cause, held the ordinance void and rendered judgment against the city for cost.

The statute under which the appellant claims authority to enact the ordinance in question is section 62a, chapter 24, of Hurd's Revised Statutes, which provides as follows:

" The city council in cities, and the president and board of trustees in villages and incorporated towns, shall have power to license, tax, regulate, suppress or prohibit itinerant merchants and transient vendors of merchandise."

The appellant in its ordinances has attempted to enlarge this statute, and to define what an itinerant merchant and a transient vendor of merchandise is. In paragraph 2, it defines him as one who goes from one city to another, stopping only a limited period of time in each for the purpose of selling goods, wares and merchandise.

In paragraph 6, it excepts from such description, persons coming into the city from the country with any produce for market or to any person selling vegetables, berries, or the produce of their own farm or premises, commercial travelers employed by wholesale houses in selling articles of merchandise to merchants of the city, or to permanent traders doing business in the city. These are not to be deemed within the meaning of the article.

We think this an enlargement of the meaning of the statute. It exempts from its definition persons that could as well be classed itinerant merchants or transient venders of merchandise, i. e., peddlers of nearly all descriptions. They are properly included in such description of itinerant mer-

chants and transient venders of merchandise. Twining v.
The City of Elgin, 38 Ill. App. 61. We think the ordinance
discriminates between persons of the same class, and imposes
a penalty for an act done by one and exempts another who
does a like act. Such an ordinance is unjust, unreasonable
and void. Village of Braceville v. Daugherty, 30 Ill. App.
645; City of Lake View v. Tate, 33 Ill. App. 89; Tugman v.
The City of Chicago, 78 Ill. 407. Under this ordinance it
will be seen that persons coming into the city from the
country with produce for market, and commercial travelers
employed by wholesale houses in selling staple articles of
merchandise to merchants of the city, are not to be regarded
within the meaning of paragraph 2.

From this it will be seen that the ordinance is unequal
because it allows employes of wholesale houses to sell to an
excepted class, although they may be transient venders of
merchandise, as defined by the statute. According to para-
graph 2, commercial travelers, representing wholesale houses,
may sell to permanently established merchants of the city
but no one else. If such a traveler represents any person
or corporation, except a wholesale dealer, he is prohibited
from selling to any one, even to permanently established
merchants of the city. Dealers in country produce are also
given free access to the markets of the city, notwithstanding
their itinerancy. After allowing merchants of the city to
buy from transient dealers if they represent wholesale
houses, the ordinance then proceeds to bar out every other
class of dealers, unless permanently established in the city,
under a heavy penalty, unless he be protected by a license
placed at such an unreasonably high figure as to be entirely
prohibitory.

The permanently established merchants of the city, by
the ordinance, have an entire monopoly of the city trade,
and of that of the surrounding country whose trading point
is Peoria, unless such persons go elsewhere to purchase their
goods, because none other are authorized to sell.

The excepted class of itinerant merchants are not allowed
by ordinance to sell generally to the citizens of the city; as

City of Peoria v. Gugenheim.

well, the general public is, by reason thereof, deprived of its equal right to buy of the same class, and a monopoly is established against both in favor of the city merchant; also, wholesale merchants are given a monopoly of the trade with the permanently established city merchant, against any transient merchants representing a house not a wholesale house, though such itinerant merchant may be selling the same class of goods.    The ordinance clearly shows that its aim and intent was to prevent competition with the city merchants by transient merchants, to the detriment of the public generally.    The license fixed by the ordinance is out of all reason too high.    It is taxation at the rate of $2,400 per annum, and would require an extraordinary good business to be able to pay it, and is without reference to the business done by the itinerant merchant.

It could not have been intended for revenue, for very few could or would pay it, and it would be an unreasonable tax and out of all proportion to other taxation.

It is laid down in Dillon on Municipal Corporations, in section 256, cited in Tugman v. City of Chicago, *supra*, " that an ordinance which would make an act done by one penal, and impose no penalty for an act done under like circumstances upon another, could not be sanctioned or sustained, because it would be unjust and unreasonable." Again, in the same case, it is said, " where power is conferred upon the legislative department of a municipal corporation, to enact by-laws and ordinances for the better government of the inhabitants of the municipality, the body intrusted with that power, in its exercise, can not enact ordinances that are unreasonable, oppressive, or such as will create a monopoly."

" The discretion of the city council whether an ordinance is reasonable, is not absolute, but subject to the limitation that the ordinance must be reasonable."    City of Lake View v. Tate, 130 Ill. 247.

When the power to legislate on a given subject is conferred, " and the mode of its exercise is not prescribed by the legislative act, then an ordinance passed in pursuance

thereof must be a reasonable exercise of the power or it will be invalid." Ibid.

It is claimed by appellant that the section of the ordinance excepting certain classes of persons from its operation may be held void, and the other sections, under which the prosecution is had, held good. We do not think so; the ordinance must be taken as a whole. The defining section, in substance, is to be read in paragraph 2, as describing the persons meant to be included in it.

If the defining section or the proviso be held void, those exempt by it would be under the penalty, and the ordinance would be more unjust and oppressive than before. It would exclude a large class of business from the city of Peoria and be in restraint of trade, and in violation of the law of interstate commerce. We think the ordinance must be taken as a whole as passed. Appellant insists that the ordinance may be regarded in the light of regulation or prohibition or suppression of itinerant merchants and transient venders of merchandise. The question of the constitutionality of the statute is not before us, and if before us, this court would have no right to pass upon it; but as we have seen, if the ordinance in question was intended to suppress itinerant merchants and transient venders of merchandise, it was unequal in its operation, and oppressive. If it be regarded as an ordinance passed in the spirit of " unfriendly legislation" against itinerant merchants and transient venders of merchandise, it is unjust and oppressive, and the pretense of collecting revenue, upon which it was passed, was false. If it was an ordinance for revenue it is equally unjust, unequal and oppressive. Regarding the decision of the court below as just and according to law, the judgment of the Circuit Court is affirmed, except as to costs; the appellant was not liable for costs and the judgment for costs against the city, appellant herein, was erroneous, and is reversed as to that, and affirmed otherwise.

Judgment affirmed except as to costs against appellant, and judgment for costs against appellant reversed.