| 67 | 435 |
| 81 | 344 |

## W. H. McRoberts v. The City of Sullivan.

1. CITIES AND VILLAGES—*Prosecution for Selling Goods Without License from—What Must be Shown.*—In a prosecution under a city ordinance for selling goods without a license it should be shown that the amount to be paid for the license was fixed by the city council, and it is essential that the rate so fixed be reasonable.

2. SAME—*Limitations on Power of Council to Regulate Transient Trading.*—The statute which confers power upon city councils to regulate itinerant or transient trading, does not authorize discrimination in favor of any business or against any that is lawful in itself and its methods, and an ordinance which attempts to do either is void.

Complaint, before justice, charging violation of city ordinance. Error to County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the May term, 1896. Reversed. Opinion filed November 21, 1896.

R. M. PEADRO, attorney for plaintiff in error.

RAY D. MEEKER, attorney for defendant in error.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was convicted, and fined $25 for violating section 11, ordinance No. 7, revised ordinances of the city of Sullivan, which reads as follows:

" No transient trader shall, either in person or by employing a resident auctioneer, sell or barter by retail any goods, wares, merchandise or patent medicine, not being agricultural products, without a license therefor. Any person violating this section of this ordinance shall, on conviction thereof, be fined not less than $25 nor more than $200 in each case. The term " transient trader " shall be construed to mean any person not permanently transacting business in this city."

This section is predicated upon Sec. 62 a, Chap. 24, R. S., which authorizes the city council to " license, tax, regulate, suppress or prohibit itinerant merchants and transient venders of merchandise." In the case of City of Carrollton v. Bazzette, 159 Ill. 284, the Supreme Court had occasion to consider this provision of the statute, and held that it was not the intention of the legislature to authorize the arbitrary suppression of a business unless, in the character of the goods sold or the manner of conducting the business, there was something detrimental to the public welfare; and as applied to the case in hand, which involved merely the sale of ordinary dry goods at auction and in the usual course of trade at retail, the ordinance must be regarded as intended to license and regulate, and not to suppress or prohibit. The statute would not support a prohibitory ordinance as to a business not so objectionable in respect to the character of the article sold or the mode of selling, and so it was material to inquire whether the license fee fixed was reasonable or whether it was so high as to amount in effect to a suppression of the business rather than merely a regulation of it by license. It was held that the fee of $10 per day, making no discrimination as to the extent of the business or the length of time it was to be conducted, was unreasonable, and that therefore the ordinance was void. In the present case no rate for the license fee is provided and it must be inferred

that the amount to be charged was left to the unrestrained discretion of some city official vested with authority of issuing such licenses.

Perhaps there is a provision in some other section fixing such fees, but if so, it is not shown by the record. We must therefore treat the ordinance for the present purpose as it appears.

It was held in City of East St. Louis v. Wehrung, 50 Ill. 28, that an ordinance which conferred power upon the treasurer to fix the amount of license to be paid by dram-shop keepers was void. The court there said: "As a general rule when power is conferred upon a municipal corporation to regulate any calling or business it is powerless to delegate a discretionary authority to others or to an individual." * * * "And the amount to be paid should be determined by ordinance or order of the council and not left within the discretion of a single officer of the city."

So in this case it should have been shown that either in the same or some other ordinance the amount to be paid for the license was fixed by the council. It would, of course, be essential that the rate so fixed was reasonable.

Another objection to this ordinance is that it discriminates in favor of persons selling the products of agriculture.

Merchants dealing in hay, grain, vegetables and seeds, should have the same protection as those handling other merchandise. The statute which confers power to regulate itinerant or transient trading is general in its terms, and does not expressly or by any implication indicate authority to discriminate in favor of any branch of business or against any that is lawful in itself and in its methods. The ordinance is therefore partial and unequal in its operation, and for that reason is void. The City of Peoria v. Gugenheim, 61 Ill. App. 374, and authorities there cited.

The judgment must be reversed.