DAVID FROST

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1899.*

ORDINANCES—*ordinance prohibiting covering fruit with colored netting is void.* A penal ordinance prohibiting dealers in fruit, berries or vegetables from covering the boxes or baskets with colored netting is void, as a vexatious and unreasonable restriction upon the rights of dealers in particular articles of trade and commerce.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

A. E. GAMMAGE, (STEDMAN & SOELKE, of counsel,) for plaintiff in error.

HOWARD S. TAYLOR, Prosecuting Attorney, and GEO. McA. MILLER, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was found guilty in the court below of violating an ordinance of the city of Chicago and fined $15 and costs. The ordinance provided:

"Sec. 1000. *Colored netting for covering.*—It shall be and is hereby made unlawful to cover any box, basket, or any other package or parcel of fruit, berries or vegetables of any kind, with any colored netting, or any other material which has a tendency to conceal the true color or quality of any such goods which may be sold, offered for sale or had in possession for the purpose of being sold or offered for sale. Any person who shall violate the provisions of this section shall, upon conviction, be fined not less than $10 or more than $25 for each offense."

The testimony tended to show that the defendant below sold peaches in baskets covered with red tarlatan,— a perforated cloth,—and that these baskets of peaches had been shipped to him from the State of Michigan put up in the same manner in which he sold them. There was some evidence to the effect that this colored netting tended to conceal the "true color or quality" of the fruit, and some to the contrary. It appears from the record that large quantities of fruit put up in this manner are shipped and sold; that a covering of some kind is necessary to prevent loss of the fruit by pilfering and other means, and to protect it from insects; that such fruit requires ventilation, and that experience has demonstrated that a covering of netting is better than one of wood, paper or other material, because it allows free access of air, does not bruise the fruit and affords better means of inspection. The case seems to have turned below upon the color of the netting used, although there was testimony to prove that white, green or blue netting, (some-

times, but less frequently, used,) would also conceal, to some extent, the true color or quality of the fruit. The case assumed some importance, as it appeared from the evidence that red tarlatan manufactured for the purpose has come into general use by packers and shippers of and dealers in fruit, and, counsel say, that many other cases are pending to be finally determined by the decision of the case at bar.

Some minor questions have been raised having reference to the admission or exclusion of evidence, and also to the point that as the evidence showed that plaintiff in error did not, himself, cover or cause to be covered with the colored netting the baskets of peaches which he had for sale, but merely offered them for sale as he had received them, he did not come within the ordinance. These minor questions may well be waived and the case considered on more meritorious grounds, involving the validity of the ordinance.

Nor have we thought it necessary to consider the point made by the plaintiff in error that the ordinance is not a mere local inspection law, but is an attempt to regulate inter-State commerce and to restrict the sale of goods in the original packages in which they were shipped from other States, and is therefore void, but are of opinion that the objection that it is void for unreasonableness was well made and should have been sustained. We have reached the conclusion that the ordinance is a vexatious and unreasonable interference with and restriction upon the rights of dealers in certain articles of trade and commerce. The only valid basis upon which such a regulation can rest is, that its purpose is to prevent deception, and imposition upon buyers of such articles as are named in the ordinance. The evidence shows, as common observation would teach, that such packages must have some covering, and shows also that tarlatan has been found the best and most suitable covering for the preservation of fruit so packed and sold; and the validity of

the ordinance is made to depend, and indeed its validity is defended only, upon the question of the color of the material. It is not pretended that there is anything in red tarlatan which is deleterious to health or which imparts to the fruit any noxious material or quality, but only that it tends to impart to the fruit beneath a more wholesome tint or appearance than it would otherwise have. It is natural and not unlawful for the packer and dealer to put up and offer for sale his goods in an attractive form, and a regulation would not seem to be reasonable which would prevent the dealer in certain commodities from offering for sale his goods in packages tinted so as to correspond in some degree with the color of the goods themselves. No buyer who is ordinarily careful and intelligent is deceived by such devices of tradesmen. He may examine what he buys, and no law can protect him from the consequences arising only from his own folly. At most the colored netting would tend to conceal the true color or quality of only the top layer of the fruit in the package, leaving the same latitude for deception as in cases where no covering is used. It will be noticed that the provision in question of the ordinance does not make it unlawful to sell decayed or unwholesome fruit, or to practice deception on the public by methods employed in packing or displaying it.

From whatever view the ordinance is regarded it is difficult to see how it can be of any public benefit whatever, and while, ordinarily, that is a question for the municipal legislature, it may be considered by the courts in determining the question of reasonableness. It is not contended by counsel that the power to pass such an ordinance is in terms conferred on the city council by any act of legislature, (*City of Lake View* v. *Tate*, 130 Ill. 247,) but the power to enact it is referable to the general police power of the city, and it is conceded that the question of its reasonableness is open for decision and is the subject of fair contention in the case. It was shown, and is a

matter of common knowledge, that much fruit is shipped and sold wrapped up in tissue paper and in tinfoil, and in packages and baskets covered with wood, all of which material effectually conceals the "true color and quality" of the fruit until removed. It would be as reasonable to prohibit the one as the other. Fruit dealers would be subjected to unjust and oppressive discrimination by the enforcement of such an ordinance. Being unreasonable and oppressive in character the ordinance is void, and should have been so declared by the court below.

The judgment is reversed.        *Judgment reversed.*