(No. 22382.—

THE CITY OF CHICAGO, Appellee, *vs.* HAWTHORNE CLARK,
Appellant.

*Opinion filed February 15, 1935.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for appellant.

WILLIAM H. SEXTON, Corporation Counsel, and MICHAEL L. ROSINIA, (MARK J. McNAMARA, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellant (hereinafter called the defendant) was charged in the municipal court of the city of Chicago with the violation of section 4215 of the revised Chicago code of 1931. That section provides as follows: "Every common, ill-governed or disorderly house, room or other premises, kept for the encouragement of idleness, gaming, drinking, fornication or other misbehavior, is hereby declared to be a public nuisance, and the keeper and all persons connected with the maintenance thereof, and all persons patronizing or frequenting the same, shall be fined not exceeding $200 for each offense." The defendant waived a jury and was tried by the court. The court found him guilty of being the keeper of a disorderly house and imposed a fine of $200 and costs. From that judgment an appeal has been prosecuted directly to this court, the trial court certifying that the validity of an ordinance was in-

volved and that the public interest required a direct appeal to this court.

The city is not limited in its power to pass the ordinance upon the subject of disorderly houses to any one section of article 5 of the Cities and Villages act but can consistently derive its authority from two or more sections. (*Consumers Co.* v. *City of Chicago*, 313 Ill. 408; *City of Chicago* v. *Arbuckle Bros.* 344 id. 597.) A municipality has the power to pass and enforce all necessary police ordinances. (Smith's Stat. 1933, chap. 24, art. 5, sec. 66, p. 344; Cahill's Stat. 1933, p. 327.) Moreover, the city council, in the exercise of its police power, may prohibit those things that are hurtful to the health, safety and morals of society. (*Koy* v. *City of Chicago*, 263 Ill. 122.) Such power extends to the protection of the lives, limbs, comfort and quiet of all persons within the city. (*Consumers Co.* v. *City of Chicago, supra.*) By section 45 of article 5 of the Cities and Villages act (Smith's Stat. 1933, p. 342; Cahill's Stat. 1933, p. 326;) municipalities were expressly given the right to pass ordinances to suppress bawdy and disorderly houses. By section 102 of article 5 (Smith's Stat. 1933, p. 347; Cahill's Stat. 1933, p. 329;) cities and villages were granted the power to pass all ordinances proper or necessary to carry into effect the powers granted to cities and villages and to impose such fines or penalties thereby as the legislative bodies of the municipality should deem proper, provided no fine or penalty should exceed $200 and no imprisonment should exceed six months for one offense.

Where the legislature has committed to municipalities the power to legislate upon a certain subject matter, the councils of such municipalities have full authority to pass ordinances pertinent to such subject matter, restrained only by the condition that such ordinance must be reasonable. (*City of Lake View* v. *Tate*, 130 Ill. 247; *Biffer* v. *City of Chicago*, 278 id. 562; Dillon on Mun. Corp. sec. 589.)

The issue of the reasonableness of an ordinance is a question of law. In deciding that issue the court will take into consideration all the facts and circumstances, the evil sought to be remedied, the purpose to be accomplished and the necessity for legislation on the subject. (*City of Lake View* v. *Tate, supra.*) The presumption is in favor of the validity of an ordinance. (*City of Chicago* v. *Mayer,* 290 Ill. 142; *People* v. *Grand Trunk Railway Co.* 232 id. 292.) One attacking an ordinance on the ground that it is unreasonable must show affirmatively wherein the ordinance is unreasonable. (*Swift* v. *Klein,* 163 Ill. 269; *People* v. *Cregier,* 138 id. 401.) It was held in *Spiegler* v. *City of Chicago,* 216 Ill. 114, that an ordinance that fairly tends to serve or promote the public health or safety is reasonable. The same reasoning applies to ordinances that tend to suppress immorality and to protect the peace and quiet of a neighborhood. It is argued that the ordinance is void under the rule announced in *People* v. *Belcastro,* 356 Ill. 144. The ordinance does not authorize a conviction on proof of reputation, nor does it delegate to administrative officers the power to determine what the law shall be nor to determine what acts are necessary to effectuate the law. The city council had the lawful right to pass the ordinance in question, and the ordinance is not unreasonable.

It is earnestly urged that because the legislature has passed a statute upon the subject of disorderly houses and provided for a fine or imprisonment, or both, for the violation of such statute, the city is without authority to legislate upon the same subject matter. This court has expressly held to the contrary. A municipal ordinance is not void by reason of prohibiting and penalizing acts already prohibited by the statute. (*City of Decatur* v. *Schlick,* 269 Ill. 181; *City of Litchfield* v. *Thorworth,* 337 id. 469.) A party may be punished both for the violation of a statute and a city ordinance which cover the same subject.

The reason of the rule is, that the one is a transgression of a law of the State and the other is a violation of a city ordinance, each political body having the power to legislate upon the same subject and being separate governmental corporations.

The defendant contends that under the ordinance in question due process of law was not afforded the defendant. The record shows a written complaint, verified by a police officer, charging the defendant with violating the city ordinance, the issuance of a warrant which was served upon the defendant, and a trial before a court of competent jurisdiction before judgment was pronounced against him. The guaranty of due process of law under the fourteenth amendment to the constitution of the United States requires that every man shall have protection of his day in court and the benefit of the general law—a law which hears before it condemns and which proceeds only upon inquiry and renders judgment after trial. (*Hurtado* v. *People of California,* 110 U. S. 516, 28 L. ed. 232; *Truax* v. *Corrigan,* 257 id. 312, 66 L. ed. 254; *Simon* v. *Craft,* 182 id. 427, 45 L. ed. 1165; *City of Chicago* v. *Cohn,* 326 Ill. 372; *People* v. *Lavendowski,* 329 id. 223.) The ordinance was not violative of the constitutional rights of the defendant either under the State or Federal constitution.

Complaint is justly made that the guilt of the defendant of the offense charged by the complaint was not proved. The complaint charged the defendant, in substance, to be the keeper of a disorderly house located at 3130 Indiana avenue. The evidence as to a disorderly house was confined to a house located at 3010 Indiana avenue. There was not a scintilla of evidence tending to prove that there was a disorderly house located at 3130. The *locus in quo* was a material averment made by the complaint. Proof of the description as laid was of the substance of the offense and was necessary to authorize a conviction. (*Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 Ill. 579; *Wabash*

*Western Railway Co.* v. *Friedman,* 146 id. 583; Chitty on Pleading, 252.) Nor does the failure of proof as to the place charged constitute a mere variance, as contended by the city. There is no evidence in the record upon which the judgment against the defendant can be sustained.

Other errors are assigned and argued in the defendant's brief, but in view of our holding that the judgment cannot stand it will be unnecessary to pass upon such other alleged errors.

The judgment is reversed. *Judgment reversed.*