(No. 22563.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT LOGAN *et al.* Appellants.

*Opinion filed October 24, 1934.*

Emmet F. Byrne, (Clyde C. Fisher, of counsel,) for appellants.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, J. Albert Woll, and Henry E. Seyfarth, of counsel,) for the People.

Mr. Justice Farthing delivered the opinion of the court:

The appellants, Robert Logan and Salvatore Sortino, alias Sam Sartino, were indicted in the criminal court of Cook county. They were charged with robbery of one Thelma Carlson on October 9, 1933. One count charged the aggravated crime of robbery while armed with a gun. The first count also charged that on a prior occasion Sortino had been convicted of larceny from the person and that he had been sentenced to the reformatory at Pontiac. The appellants pleaded not guilty and were tried before a jury. At the close of the State's case, and again at the close of all the evidence, both appellants presented their motions to direct the jury to find them not guilty and submitted instructions to that effect. These motions were overruled. The appellants were found guilty. Motions for a new trial and in arrest of judgment followed. These motions were also overruled, and this appeal followed.

The appellant Salvatore Sortino contends that the verdict and judgment of conviction against him are contrary to law. It was stipulated that this appellant was indicted for robbery at the March, 1925, term of the criminal court of Cook county; that he was duly arraigned and pleaded guilty to larceny from the person and that "on his plea of guilty to larceny from the person was * * * sentenced

to Pontiac Reformatory." The contention is that there was a total failure of proof, because in the case now before us, in the first count of the indictment, this appellant was charged with having been formerly indicted for the crime of larceny from the person instead of the crime of robbery as stated in the stipulation, and further, because the stipulation and the record both fail to show that the consequences of a plea of guilty were fully explained to Sortino at the time he entered his plea of guilty.

Paragraph 501 of the Criminal Code (Smith's Stat. 1933, chap. 38, p. 1071,) says: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation." Paragraph 389 of the same chapter provides: "Every person convicted of larceny if the property stolen exceeds the value of fifteen dollars, or if the property is stolen from the person of another, shall be imprisoned in the penitentiary," etc. Paragraph 602 of the same chapter provides: "That whenever any person having been convicted of either of the crimes of burglary, grand larceny, horse-stealing, robbery, * * * shall thereafter be convicted of any one of such crimes, committed after such first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime," etc.

Robbery involves a stealing from the person, and stealing from the person of another is grand larceny under paragraph 389, and is covered specifically by paragraph 602, known as the Habitual Criminal act.

It was not necessary for the stipulation to contain all of the steps in detail leading up to the return of the indictment or to the plea of guilty and judgment of conviction admitted in the stipulation. The judgment of conviction was entered against Sortino on his plea of guilty. That judgment will be presumed to have remained in force unquestioned and unreversed, since no proof was offered to

the contrary. It is the judgment of conviction—not the plea of guilty—that forms the basis for the application of the Habitual Criminal act in the present prosecution. The situation is entirely different from that presented where the former conviction must be proved and is not stipulated.

It is contended that the court erred in giving the fourth instruction asked on behalf of the People. This instruction defined an accessory. The appellants contend that it should not have been given because there was no evidence to support it and because it ignored the prior conviction of the appellant Sortino. The theory upon which the prosecution was conducted was that these two appellants were accessories of a third man who committed the actual robbery and that they were present and aided and abetted him in planning and executing the crime. The circumstances shown in evidence were enough to justify the giving of the instruction, and what has already been said disposes of the objection on behalf of Sortino to it because it failed to mention the prior conviction. However, the appellants' third point is well taken. They claim this record does not establish guilt beyond a reasonable doubt, and that the trial court erred in overruling their motions to direct a verdict.

The prosecuting witness, Thelma Carlson, and Ruth Baltris, went to a tavern on the night in question, sat at a table near the bar and each drank a glass of beer and smoked a few cigarettes. The man who committed the robbery, whose name is not given and who was not apprehended, got five pennies in change from Thelma Carlson to use in playing a slot-machine. He sat at the table with the two girls, offered to buy them more beer, and offered to take them home when they left the tavern, shortly after midnight. They refused, saying that they lived only a short distance away. In spite of this he walked along the street immediately behind them, and when they reached the corner of Harrison and Lawndale streets, a block west of

the tavern, he drew a pistol and forced Miss Carlson to give him her purse, which contained eight dollars. Ruth Baltris screamed and ran across Lawndale street to the west, then south across Harrison street. The appellants, Logan and Sortino, had left the tavern soon after the girls and the unidentified robber. They were on their way toward their respective homes, which were not far from the tavern. Logan lived only one-half block from the corner of Lawndale and Harrison, where the robbery occurred, and Sortino lived on Gladys avenue, only two or three blocks distant. Sortino discovered the robbery and says that he told Logan to run. Sortino ran along Harrison street and Logan ran north on Lawndale. One of the two girls testified that when they got up from the table Sortino nudged the robber, who was dozing, and one testified that Sortino brought them their beer from the bar, and that he had a conversation with the robber after the latter had obtained the five pennies from Miss Carlson and had peered into her purse while she was making change. The only remaining evidence against the appellants is that Ruth Baltris said the robber called out, "Go get her!" when she screamed and ran.

Both the appellants denied having had any connection with the robbery or with the robber. They denied that the robber was dozing, that Sortino talked to him in the tavern, that he aroused the robber when the girls were about to leave the tavern, and that either of them ran after the Baltris girl. Logan was shown to have had a good reputation as a law-abiding citizen in his community prior to this charge against him and to have been steadily employed. No one testified that in walking down Harrison street the appellants were closer to the girls and the man who committed the robbery than thirty-five feet.

The testimony fails to establish the guilt of the appellants beyond a reasonable doubt. Where this is true we must reverse a judgment of conviction. (*People* v. *De-*

*wachter*, 353 Ill. 266.) It was error for the trial court to overrule the motion to direct a verdict of not guilty as to both appellants.

There do not appear to have been any other witnesses except those who testified at the trial of these appellants. Under these circumstances a new trial would be useless.

For the error indicated the judgment is reversed.

*Judgment reversed.*