(No. 23260.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT BUXTON, Plaintiff in Error.

*Opinion filed December 19, 1935.*

PHILIP G. LISTEMAN, and JOHN M. KARNS, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Attorney, and A. B. DENNIS, for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Herbert Buxton was found guilty of murder by a jury in the circuit court of St. Clair county and sentenced to serve a term of fourteen years in the penitentiary. He had been indicted jointly with Charles Winchester and Melvin Watson. The indictment consisted of three counts, all of which charged that on June 6, 1932, the three defendants

therein named shot and killed Emil Kirsch in an East St. Louis drug store. Winchester and Watson were tried separately and each found guilty. The only question raised by this writ of error is whether the evidence is sufficient to sustain the conviction of Buxton.

Five witnesses were used by the People: Coroner W. W. Boyne, police officer P. A. Boyne, Henry Daut, the druggist, and witnesses Hamm and Watson, the last named being one of the defendants. No witnesses were produced in behalf of Buxton. At the conclusion of the People's case, and again at the conclusion of all the evidence, counsel for Buxton made motions for a directed verdict of not guilty. These motions were denied, as was also his motion for a new trial.

The shooting occurred in a drug store operated by Henry Daut at the corner of Fifteenth street and Broadway, in East St. Louis. The evidence indicates that these are two of the busiest streets in that city and that there were many persons passing in different directions at the time of the crime, about 8:00 o'clock in the morning of June 6, 1932. The deceased, Emil Kirsch, had gone into the drug store that morning and ordered a coca cola. As the druggist was fixing the drink Winchester came into the store, drew a pistol and ordered Daut and Kirsch to the rear. Daut ducked down behind the counter and Winchester began shooting. After firing at least two shots at Daut he turned and shot Kirsch, killing him almost instantly. Daut testified that after the shooting Winchester left the store by the front door. By that time Daut had procured a pistol, and as he reached the front of the store he looked out and saw two men running north on Fifteenth street, some forty or fifty feet away, but that neither of the two was Buxton. He fired several shots at them without effect. He said nothing concerning Buxton or the presence of an automobile near his store on Fifteenth street on the morning in question.

The only other witness for the People, and the only other witness for the People who testified as to any of the happenings at the scene of the crime, was Samuel A. Hamm. He said that he had stopped at Daut's drug store to use the telephone about 8:00 o'clock that morning; that he then saw Buxton, whom he knew, standing by the side of his automobile near the store on Fifteenth street; that as he approached the front door he was warned by a man at the door not to go in or he would get into trouble; that he did not know the man at the time but learned afterwards that it was Melvin Watson; that he nevertheless went into the store; that subsequently he came out of the store after Winchester had shot Kirsch and left, and at that time the witness saw Buxton step into his car and drive away. On cross-examination he testified that he did not know what kind of a car it was or did not know its color, and that there were other people on the street at that time. He also admitted that at the trials of the other defendants he had not mentioned Buxton or said anything about seeing him that morning.

Melvin Watson, when called upon to testify for the People, stated that he could not name anybody that he saw in or about the drug store on the morning in question. Police officer Boyne was not present at the shooting, and his testimony was only that he had made a subsequent investigation of Buxton's whereabouts and had not seen him in East St. Louis since the day of the crime. The testimony of coroner Boyne did not in any manner connect Buxton with the crime.

We have stated the substance of all the testimony on which Buxton was convicted of murder. No evidence was presented which in any way tended to prove any connection between Buxton and the defendants Winchester and Watson or that Buxton had participated in the killing, directly or indirectly. The only testimony in the record

which might in any way connect Buxton with the crime charged against him was given by the witness Hamm. From his testimony it only appears that Buxton was standing near his automobile when first seen before the shooting and that he stepped into it and drove away after the shooting. There is no evidence of any confederacy between Buxton, Watson and Winchester or that the three of them drove to the drug store in question together. The testimony of Daut, the druggist, is: "I didn't see anybody after I started back until I got on the sidewalk outside the store. They were running on Fifteenth street, running north probably forty or fifty feet from me. There were two of them, and neither one of them was this defendant." The testimony of witness Hamm on the same subject was, that when he came out of the drug store he saw Buxton step into his car, "and that was about all I saw him do." There is no evidence that Buxton knew Watson or Winchester or that he assisted them in their attempt to escape after Kirsch had been shot. On the contrary, the evidence shows that after the shooting both Winchester and Watson ran in a northerly direction on the sidewalk on the west side of Fifteenth street and directly away from the place where Buxton and his automobile were located.

There are no circumstances here of sufficient import to connect Buxton with the crime. While circumstantial evidence may be relied upon for conviction, the circumstances proved must be sufficient to establish the guilt of defendant beyond a reasonable doubt. (*People* v. *Samaras,* 355 Ill. 431; *People* v. *Bentley,* 357 id. 82.) To render one guilty of a crime as principal or as an accessory he must be present or participate or do some act at the time of the commission of the offense in furtherance of a common design, or if not present it must be shown that he by some affirmative act actually advised, encouraged, aided or abetted in the perpetration of the crime. *People* v. *Bongiorno,* 358 Ill. 171; *People* v. *Richie,* 317 id. 551.

The trial court should have granted the motion to direct a verdict of not guilty in this case. Where the People's evidence fails to establish the defendant's guilt beyond a reasonable doubt it is error for the trial court to overrule a motion to direct a verdict of not guilty, and in such cases this court must reverse the resulting judgment of conviction. (*People* v. *Logan,* 358 Ill. 64; *People* v. *DeWachter,* 353 id. 266.) In such cases, where it does not appear that any other witnesses are available except those who testified, the cause will not be remanded for a new trial.

The judgment is reversed. *Judgment reversed.*