(No. 39457.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT L. MILLER, Plaintiff in Error.

*Opinion filed December 1, 1966.*

THOMAS K. PETERSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

In 1963 the defendant, Albert Miller, and Harold Delafosse were tried by jury in the criminal court of Cook County and convicted of the crime of armed robbery. The defendant was sentenced to the penitentiary for a term of not less than 10 nor more than 15 years and a writ of error has been issued to review the judgment of conviction.

Prior to the trial which resulted in the verdict and judgment of guilty, the cause was set for trial on two occasions. At the first trial a mistrial was declared before the jury had been sworn and on the second occasion a mistrial was declared after the evidence had been heard and the cause had been submitted to the jury. Prior to the third trial the defendant filed a petition seeking a transcript of the proceedings at the former trials. This petition, filed by appointed counsel, alleged that the defendant had previously been found to be a pauper and was unable to pay for the services of counsel and also unable to pay for a transcript of the former proceedings. It was also alleged that testimony of witnesses called on behalf of the State was in conflict between the first and second trials and that it was necessary for a proper defense to obtain the transcript. This petition was denied. When the cause came on for trial the third time counsel pointed out to the court that a previous motion for a copy of the transcript of the first trial had been denied by the court, but that it had just come to counsel's attention that the State had in its possession a stenographic transcript of the defendant's testimony at the second trial. Counsel asked that he be permitted to examine this transcript. Over the prosecutor's objection counsel was permitted to examine the transcript of the defendant's testimony.

During the course of the trial, on cross-examination of the main prosecution witness, counsel for the defendant brought out that the witness had testified at the previous trial. He was asked whether in his previous testimony he

had stated that the robbery took place on September 17 instead of September 18. The prosecutor objected, stating that defense counsel apparently had a transcript of the former proceedings in his hand and that the proper method would be to read the former testimony to the witness and ask him whether he gave such testimony at the former trial. The court sustained the objection, remarking that the defendant had the transcript. Defense counsel then stated that he did not have the witness's full testimony and reminded the court that a previous ruling had denied him the complete transcript of the former trial. Further attempts to impeach this witness were unavailing since counsel for the defendant was unable to prove the prior testimony of the witness. It is claimed that the denial of the motion for the transcript deprived the defendant of due process of law and the equal protection of the laws. Specifically defendant complains that he was denied the right to avail himself of statutory procedures to obtain a transcript of his prior trial because of his indigency.

The defendant's contention is based primarily upon *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585. In that case the Supreme Court held that since Illinois had established a system of appellate review the right to effective review could not be denied a defendant solely because the defendant was indigent. The court held that Illinois must provide indigent defendants with a transcript or a bill of exceptions without cost, so that a reviewing court would be able to give such defendants the same full review as it afforded those who were able to pay for a transcript of the proceedings at their trial. Although *Griffin* was limited to the problem of providing effective appellate review to indigent persons, we believe that the rationale of the case compels the conclusion that the defendant here was entitled to be furnished a transcript of the proceedings of the prior trial without cost to him. The meaning of *Griffin,* as stated in the court's opinion, is that "In criminal trials

a State can no more discriminate on account of poverty than on account of religion, race, or color", and that "There can be no equal justice where the kind of a trial a man gets depends on the amount of money he has." (*Griffin* v. *Illinois,* 351 U.S. 12, 17, 19; 100 L. Ed. 891, 898, 899; 76 S. Ct. 585, 590, 591.) There is no question but that a transcript of the evidence at the former trial either was available in the hands of the prosecution, or could have been made available. It was the duty of the official court reporter to attend the former trial and take stenographic notes of the testimony, and the judge had the right on his own motion to order a transcript of the notes and order that the payment of the charges be taxed as costs. (Ill. Rev. Stat. 1963, chap. 37, par. 163b.) A defendant with adequate funds would have been able to purchase a transcript of the testimony at the former trial and undoubtedly such a defendant, with competent counsel, would have obtained a transcript. The necessity for such a transcript was amply demonstrated by the restriction on defense counsel's cross-examination of the prosecution's witness. The court sustained objections to counsel's inquiry on the ground that the proper method of impeachment was to read from the former transcript. Since counsel's motion for the transcript had been denied, he was unable to proceed in that manner and an important avenue of cross-examination was closed to him.

The State argues that the written motion for the transcript was defective in that it stated on information and belief that the testimony of the State's witnesses was in conflict between the first and second trials. The State points out that no testimony was heard at the first trial and that therefore the ground stated in the motion was without merit. While technically this might be true, we must bear in mind that we are dealing with constitutional rights where substance is more important than form. It is clear that the purpose of the motion was to obtain the transcript so that defense counsel could ascertain the testimony of the State's

witnesses at the first trial on the merits so that any conflicts in the testimony of these witnesses could be utilized to advantage in the present trial. It is no answer to say that the defendant was furnished with a transcript of his own testimony at the prior trial, for it was not his own testimony with which he was concerned but the testimony of the State's witness.

The State also contends that our decision in *People* v. *Morris,* 30 Ill.2d 406, compels the conclusion that defendant was not entitled to a transcript of the former trial. In that case we held that the defendant was not entitled, under *Griffin,* to a transcript of the testimony at his preliminary hearing. Transcripts of preliminary hearings are distinguishable from trial transcripts, and there is no constitutional right to a preliminary hearing. While a court reporter is required to take stenographic notes at a preliminary hearing only when directed by the court, it was the statutory duty of the reporter to report the "evidence in trials", and upon payment of statutory fees, to furnish a transcript to the parties or the judge if so requested. (Ill. Rev. Stat. 1965, chap. 37, par. 163b; see also Ill. Rev. Stat. 1965, chap. 37, par. 655.) We therefore do not consider the *Morris* case controlling here.

We hold that the trial court erred in denying the defendant's motion requesting a complete transcript of the evidence at the former trial and that this denial deprived the defendant of the equal protection of the laws and the same fair trial which a defendant with funds would have obtained.

We need not comment upon the additional points raised by the defendant as they may not recur at a new trial.

The judgment of the criminal court of Cook County is reversed and the cause remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*