John PERBETSKY, Appellant,

v.

The STATE of Texas, Appellee.

No. 41190.

Court of Criminal Appeals of Texas.

April 17, 1968.

Rehearing Denied July 10, 1968.

472

Joe M. Joiner, R. C. Slagle, III, Sherman, for appellant.

Dean Martin, County Atty., Clifford Powell, Asst. County Atty., Sherman, and

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Rape is the offense; the punishment, fifteen years.

Appellant, because of his indigency, was represented at the trial by court-appointed counsel, who also represents him on this appeal.

The indictment charged rape by force, threats, and fraud.

The prosecutrix, a widow, fifty-nine years of age on the date of the alleged offense, lived in Colbert, Oklahoma, and was a licensed vocational nurse in a hospital in the city of Sherman, Texas. It was her custom to commute from her home to her place of employment. She testified that on November 16, 1966, after getting off from work around 11 o'clock, p. m., she started home. While traveling in her automobile on Highway 75 in the south part of Denison she observed a car behind her with the lights blinking. When the car was driven around beside her automobile, a man in the other car, whom she positively identified as the appellant, motioned to her back tire "as if it was flat." She "pulled" over to the shoulder and stopped, then got out to see about the tire. As she started around to do so, appellant, who had stopped his vehicle behind her, grabbed her from behind and started trying to put her in his car. When the prosecutrix began to scream, appellant put his hand over her mouth, told her not to scream, and threatened to kill her if she did. Appellant then by "main force" put her in the front seat of his car and, after pushing her down partly on the seat and partly on the floorboard, drove the vehicle some two to four miles out on the Bells Highway and stopped on the side of the road. Before the car stopped, the prosecutrix had attempted to get out and appellant grabbed her and threatened to kill her if she tried

to escape again. After stopping the car appellant told the prosecutrix to take off her clothes, and several times threatened to kill her. After she removed some of her underclothing, appellant proceeded to have sexual intercourse with her, more than once. They also engaged in abnormal sexual acts. Thereafter, appellant returned to Denison to where the prosecutrix's car was parked and let her out. After contacting a policeman, the prosecutrix then went to a hospital where she was examined by a doctor.

When asked, on direct examination, why she allowed appellant to perform the sexual acts upon her the prosecutrix stated:

"Because I was scared, afraid for my life. He had threatened me and I had no reason to believe that he wouldn't kill me. He said he would."

And when asked, on redirect examination, why she engaged in the sex acts with appellant, she stated:

"Well, because I was, I realized, I thought my life was in danger [sic] and he had threatened to kill me and he made me, convinced me he would, and I was just afraid not to submit."

Testifying as a witness in his own behalf, appellant—in substance—denied that he raped the prosecutrix, and stated that on the night in question he was drunk. Upon cross-examination, he repeatedly stated that he could not deny the acts and events which had been related by the prosecutrix because he did not know.

The court submitted to the jury the issue of appellant's guilt of rape by threats, defining in his charge the term, "threats," in the language of Art. 1185, Vernon's Ann. P.C.

█ We first overrule appellant's contention (grounds of error Nos. I and II) that the evidence is insufficient to sustain the conviction because the proof failed to show that the prosecutrix was threatened in such manner as to reasonably create a

just fear of death or great bodily harm and that there was no evidence that she made every reasonable effort to resist.

The threats shown by the evidence to have been made by appellant—twenty-nine years of age, weighing two hundred twenty pounds, and a heavy equipment operator by trade—against the fifty-nine-year-old prosecutrix, who weighed one hundred forty-two pounds, were sufficient under the facts and circumstances to warrant a finding. by the jury that such threats might have reasonably created in the mind of the prosecutrix a just fear of death or great bodily injury. The testimony of the prosecutrix was also sufficient to warrant the jury's conclusion that appellant had carnal knowledge of her without her consent and against her will.

In his grounds of error Nos. III and IV, appellant insists that the court erred in denying his motion requesting that the entire record of a previous trial (some two months before, which resulted in a hung jury and mistrial) be reduced to writing and made available to him and his court-appointed attorneys for their use in the instant case; also that the court erred in denying his motion for a continuance for a reasonable time "to see if funds" were available to obtain the record, after refusing to order a transcript thereof furnished to appellant.

 We are aware of no law in this state which requires that an indigent defendant be furnished the record of a prior trial which resulted in a hung jury for use in a subsequent trial. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, cited by appellant, involved the question of furnishing indigent defendants with a transcript for the purpose of appellate review. We are not inclined to apply the reasoning of the Supreme Court of the United States in that case to the instant case, as did the Supreme Court of Illinois under similar facts in People of the State of Illinois v. Miller, 35 Ill.2d 615, 221 N.E.2d 653. In passing upon such conten-

tion it should be observed that appellant was represented by the same court-appointed attorneys at both trials and that his motion requesting that the record of the first trial be reduced to writing and furnished him was filed only four days before the instant trial began. In refusing to grant such motion, the court did not err. Appellant's oral motion for a continuance was also properly overruled. The grounds of error are overruled.

 In his ground of error No. V, appellant complains of the court's refusal to declare a mistrial, upon motion by appellant at the conclusion of the testimony, on the ground that the court had erroneously excused Steve Bryant, a member of the jury panel, in the absence of appellant and his counsel, because the prospective juror was the husband of a state's witness in the case. Appellant insists that by such action the court deprived him of the opportunity to determine if the presence of the prospective juror Bryant had in any way prejudiced the other members of the jury panel in the case.

We perceive no reversible error, as the evidence presented on the motion for new trial shows that the prospective juror Bryant did not talk to any other member of the panel about the case. Counsel for appellant conceded that they would not have accepted Bryant as a juror. Under the record, no harm or injury to appellant is shown by the court's action. The ground of error is overruled.

 In his ground of error No. VI, appellant insists that the court erred in refusing his motion to instruct the state's witness Dr. Stanley Clayton not to use the word, "brutal," "in describing his examination of the prosecutrix" because in the prior trial the doctor had used the term in describing her injuries.

The record reflects that although the court refused to so instruct the witness when the doctor, while testifying, did use the term, "brutal," in describing the prose-

cutrix's condition and injuries, the trial court sustained appellant's objection to the use of such term and instructed the jury not to consider it for any purpose. We perceive no error, and overrule the ground of error.

◼ Ground of error No. VII presents appellant's contention that the court erred in refusing to grant a mistrial when state's counsel, in his argument to the jury on the issue of punishment, said:

"'Society demands that the Defendant be punished.'"

The record reflects that, after refusing to grant a mistrial, the court did instruct the jury not to consider the statement for any purpose. We are unable to agree that such statement offends the rule against informing the jury that the people of the community want an accused convicted, as was done in Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262, but was, rather, a plea for law enforcement. Even had the trial court overruled appellant's objection and refused to instruct the jury, no error would have been presented. The ground of error is overruled.

◼ Ground of error No. VIII complains of the court's refusal to grant a new trial because of alleged jury misconduct in discussing the matter of how much time appellant would have to serve for every year he received in the jury's verdict.

The motion for new trial was not supported by the affidavit of a juror or of any other person who was in position to know the facts and, as such, the motion for new trial was insufficient as a pleading. Under the record, the court did not abuse his discretion in overruling the same. Johnston v. State, Tex.Cr.App., 396 S.W.2d 404; Reno v. State, Tex.Cr.App., 403 S.W.2d 799. The ground of error is overruled.

◼ Ground of error No. IX presents appellant's contention that his constitutional rights were violated by his being forced to appear in a police lineup for the purpose of identification. In his brief, appellant urges that the lineup "was held in a manner so prejudicial and unfair as to render the results illegal" and was calculated by the police "to be held in such a manner that the identification of the Appellant was a foregone conclusion," but he does not point out in what particular the lineup was conducted in an unfair manner. Attack is further made upon the lineup on the ground that at such time he had no attorney present.

It should first be noted that the lineup was held prior to the decision by the Supreme Court of the United States on June 12, 1967, in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and the exclusionary rules announced therein are not applicable. See: Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

The record reflects that appellant was in a lineup with three other persons and that the prosecutrix recognized him on first sight. From a review of the record we are unable to conclude that the lineup was conducted in such manner as to result in unfairness to appellant and a denial to him of due process of law.

◼ In his ground of error No. X, appellant insists that his constitutional rights were violated because he was not properly warned of his rights by the magistrate before whom he was taken after his arrest, which rendered illegal any evidence thereafter obtained as the result of the lineup and a written confession which he gave to the officers.

We find no merit in such ground of error. As heretofore concluded, the lineup was not shown to have been illegally held. No confession was introduced in evidence by the state in the instant trial, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, cited by appellant, has no application.

In his remaining ground of error, No. XI, appellant insists that the court erred in permitting the state, in presenting its case in chief, to offer testimony of extraneous offenses.

The record reflects that, over appellant's objection, the state was permitted to show by the testimony of two women that on the night in question and before raping the prosecutrix, the appellant had driven up behind their vehicles and propositioned them for dates. The court admitted such testimony on the issue of identity. While at the time the testimony was admitted no issue of identity had been made, a subsequent issue was made by appellant in his testimony. Under the record, the court did not err in admitting the testimony on such issue of identity as an exception to the general rule prohibiting proof of extraneous transactions and offenses. The testimony of the two women was also admissible to discredit the testimony given by the appellant to the effect that on the night in question he did not know what he was doing. See: Evidence, 23 Tex.Jur.2d 300–304, Secs. 195 and 197, and cases therein cited.

The judgment is affirmed.