**People of the State of Illinois, Plaintiff-Appellee, v. Robert Lewis, Defendant-Appellant.**

**Gen. No. 51,493.**

First District, First Division.

June 10, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Emer C. Kissane and Alan Gersh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Robert Lewis, and David Smith were charged in an indictment with having committed the offense of burglary on January 9, 1966, in that they, without authority, knowingly entered the office and ware-

house of Marcella, Inc., with the intent to commit the crime of theft therein, in violation of chapter 38, section 19–1 of the Illinois Revised Statutes (1963). The defendant, Robert Lewis, waived trial by jury, and after a bench trial was found guilty, as charged, and judgment was entered on said finding. He was sentenced to a term of not less than one nor more than two years and one day in the Illinois State Penitentiary, whereupon judgment was entered on the sentence. Defendant has appealed, contending that he was not proved guilty beyond a reasonable doubt.

The record shows that Marcella, Inc., a weather stripping and storm window business firm, was burglarized on Sunday, January 9, 1966. A glass block had been broken to allow entrance into the building and a door had been broken open from the inside. We summarize the evidence offered against this defendant.

James Neli, a police officer for the City of Chicago, testified that on January 9, 1966, he received a call on his car radio at 8:25 a. m. to proceed to 2140 West 79th Street, in Chicago, to investigate a truck parked in a lot located at that address. When he received the call Neli was located at the intersection of 84th and Halsted Streets. Neli proceeded west on 79th Street. As he approached the intersection of 79th and Hamilton he observed "a colored man with a cane" about sixty feet from the intersection walking east on 79th Street. He "disregarded" this man who he later identified as the defendant. Neli made a right turn on Hamilton and turned into an alley behind 2140 W. 79th St. He didn't find the truck in the lot behind the 2140 building. However, as he headed back towards 79th Street, he observed a red panel truck parked on the south side of 79th, in front of Marcella, Inc., which is located at 2141 West 79th Street. Neli parked directly in front of the truck and got out. He looked into the truck and saw David Smith sitting inside. Neli ordered Smith out of the truck and held him at gun-

point. Police Officer Ed Williams then arrived on the scene and he held Smith in custody while Neli investigated the building. As Neli approached the door of the Marcella building a man, later identified as James Russell, came running out of the building. While Neli watched over Smith, Officer Williams took off on foot after Russell.

Steven Walter Zamiar, who was employed at the Hoyne Shell Service Station, testified that at around 8:30 a. m. on January 9, 1966, he went to the back of the service station to inspect his car. The gas station is located across the street from Marcella, Inc. at 2100 West 79th Street. Located at the rear of the gas station is a shed which is about four by five feet and about seven feet high. The employees at the service station used it for storing tires and batteries. While Zamiar was checking out his car he saw a dark hand reaching out of the door of the shed, pulling the door shut, and then a cane was extended from the inside to hold the door in place. Shortly thereafter, Zamiar flagged down a police car that was passing by the station and asked the officer in the car, Edward McKillop, if he was looking for a "colored man." When the officer responded affirmatively, Zamiar directed the officer to the shed.

Sergeant Edward McKillop testified that at around 8:30 a. m., he arrived at 2141 West 79th Street, pursuant to a call he received over his car radio. Officer Williams told him that they were looking for a suspect involved in the burglary of Marcella, Inc. Sergeant McKillop got back in his car and began to "cruise" around the area. At this point he was flagged down by Zamiar. When McKillop looked inside the shed he saw the defendant crouched down on the floor holding the door shut with a cane. McKillop ordered the defendant to come out, which he did. McKillop further testified that at the time he apprehended the defendant none of the materials taken in

the burglary were found in the vicinity of the shed. The defendant was completely alone at the time he was taken into custody, and no tools or weapons were found on his person.

The defendant, taking the stand in his own defense, testified that he had never seen the codefendant, David Smith, prior to his arrest on January 9th, and that he had not participated in the burglary of Marcella. He further testified that on the night of January 8th, he had gone to a party in Robbins, Illinois, and had left the party at about 7:00 a. m. The defendant took a bus back into the city and got off at 79th Street and Western. He waited for another bus, but when one didn't arrive he started walking east on 79th Street. He couldn't walk fast because he had half of his stomach and a kidney removed. When the defendant arrived at the corner of 79th and Hoyne he walked into the gas station and asked Zamiar if he could use the washroom. He was told that it was out of order. The defendant then decided to use the shed in the back of the station as a latrine. When he was arrested he was crouched down with his pants down.

 We have carefully reviewed the evidence and find that it was insufficient to establish defendant's guilt beyond a reasonable doubt of the offense charged. At the most, the State's evidence established that defendant was in the vicinity of the crime shortly after its commission and was hiding in a shed (although this latter fact is disputed by defendant). These facts do not constitute sufficient indicia of guilt to warrant the trier of fact in finding him guilty of the burglary of the Marcella business establishment. Defendant was not seen in the immediate vicinity of the Marcella building, nor was he seen fleeing from the scene of the crime. Indeed, he was seen by Officer Neli walking east on 79th Street at a time during which the crime was, in all probability, taking place. Defendant denied the charge against him.

Furthermore, no incriminating evidence was found either on his person or in the vicinity of the shed where he was taken into custody. Mere presence at or around the scene of a crime is insufficient to establish guilt. People v. Boyd, 17 Ill2d 321, 161 NE2d 311. Moreover, for a conclusion based upon circumstantial evidence to be upheld the evidence relied upon must produce a reasonable and moral certainty that the accused is guilty of the crime charged. People v. Garrett, 49 Ill App2d 296, 200 NE2d 7. The presumption of innocence is not overcome by speculation, for the burden, in a criminal case, rests upon the state to prove its case beyond a reasonable doubt. People v. Johnson, 31 Ill2d 321, 201 NE2d 367. Assuming the fact that the defendant was, indeed, hiding in the shed, we cannot say, in the absence of the submission of other facts to connect him with the burglary, that this fact standing alone can be considered sufficient to produce a reasonable and moral certainty that he committed the offense charged in the indictment.

The state cites People v. Ray, 80 Ill App2d 310, 225 NE2d 467, in support of its contention that the defendant's explanation of his behavior in the instant case was so unbelievable that the trial judge was justified in finding that he had participated in the burglary. In Ray, the defendant was charged with burglary after police having stopped him for a traffic violation, discovered some of the property taken from the recently burglarized establishment in defendant's automobile. When police questioned the defendant about the merchandise he answered that he had no knowledge of "where it came from or how it got in the car."

The basis of our holding in Ray, wherein we upheld the defendant's conviction, was that the defendant's unexplained, exclusive possession of the property recently stolen in the burglary could give rise to an inference of guilt sufficient in itself to sustain the finding of guilty,

and that the defendant's explanation of his behavior presented solely a question of credibility for the resolution of the trial judge. In the instant case, the defendant's explanation of his hiding in the shed presented a question of credibility. However, the state, unlike the situation in Ray, has not produced sufficient evidence to justify a finding that the defendant participated in the burglary. Neither burglary tools nor stolen property were found in the defendant's possession.

█ If a conviction is to be sustained, it must rest on the strength of the state's case and not on the weakness of the defendant's; and a reasonable doubt as to the defendant's guilt, such as exists in the case at bar, is produced by the insufficiency of the People's evidence. People v. Coulson, 13 Ill2d 290, 149 NE2d 96.

The judgment of conviction is, therefore, reversed.

Judgment reversed.

ADESKO and MURPHY, JJ., concur.