469 P.2d 88

The STATE of Arizona, Appellee.

v.

Gary Roger HILL, Appellant.

No. 2 CA–CR 204.

Court of Appeals of Arizona, Division 2.

May 14, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Edgar M. Read, Tucson, for appellant.

KRUCKER, Judge.

Defendant, Gary Roger Hill, was informed against for the crime of burglary, second degree. He was adjudged guilty and sentenced to not less than four nor more than five years in the state prison. He appeals that determination.

Construing the facts in a light most favorable to sustaining the trial court, they are as follows. On Sunday morning, January 26, 1969, the home of Mr. and Mrs. John Moore of Tucson, Arizona, was broken into and ransacked. A screen door in the back of the house was cut open and the sliding glass door found ajar. That same morning, defendant was identified by a 16-year-old boy who lived across the street as one of two persons he had seen in the Moore's front and back yard. Defendant admitted that he had attempted to visit the Moores that morning, and had even knocked at the back door, but he denies having entered the house. It was also established that defendant had at one time boarded at the Moores and had been romantically involved with both Mrs. Moore and her daughter while Mr. Moore was away.

Defendant raises the following issues on appeal:

(1) Defendant was entitled to counsel at the preliminary hearing.

(2) There was insufficient evidence to support the conviction.

(3) There was error in the trial court's failure to give the circumstantial evidence instruction.

We believe that the second allegation is dispositive of this appeal.

The only evidence presented which supported defendant's conviction was that he was present at the scene of the crime on the morning of the burglary. There was also some inconsistency in his story concerning the order in which he visited the front and back doors of the house and where he parked his car. However, no evidence was presented linking defendant to the crime. His fingerprints were not found, no one saw him enter or inside the house, and since nothing was taken from the house he was not found in possession of any stolen property. On the basis of these facts, we do not believe the jury could find that defendant entered a dwelling with the intent of committing theft. Presence and lack of truthfulness is not enough. People v. Millet, 275 App.Div. 1060, 92 N.Y.S.2d 153 (1949); People v. Bamber, 264 Cal. App.2d 625, 70 Cal.Rptr. 662 (1968); People v. Lewis, 97 Ill.App.2d 255, 240 N.E. 2d 459 (1968); People v. Boyd, 17 Ill.2d 321, 161 N.E.2d 311 (1959); People v. Draper, 69 Cal.App.2d 781, 160 P.2d 80 (1945).

Judgment reversed.

HOWARD, C. J., and HATHAWAY, J., concur.