474 P.2d 62

The STATE of Arizona, Appellee,

v.

Donald Sam ABBEY, Appellant.

No. 2 CA–CR 203.

Court of Appeals of Arizona, Division 2.

Sept. 8, 1970.

Rehearing Denied Oct. 6, 1970.

Review Denied Nov. 17, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, and Jacob Leon Siken, Asst. Attys. Gen., Tucson, for appellee.

**56**

James F. Haythornewhite, Nogales, for appellant.

KRUCKER, Judge.

Defendant, Donald Abbey, was informed against for grand theft. The jury found him guilty and judgment was so entered. The court thereafter suspended imposition of sentence for two years.

The facts are as follows. The defendant, his sister, and her son, Michael Karam, the complaining party here, organized an Arizona corporation, KAM Properties, to develop and sell real estate. Defendant was to perform construction work. Therefore, the corporation authorized him, by resolution, to purchase a tractor. He was to use a portion of his own equipment worth $2800 as a trade-in, finance the balance with a California bank, and be held harmless for any liability thereon. Defendant purchased the tractor in California, mortgaging the balance of approximately $9400 with the Bank of America. He used the tractor as security and named himself as debtor and owner of the tractor. The complaining parties claim defendant told them he had mortgaged his land and not the tractor.

When the first annual payment, approximately $4000, became due, the corporation went to the Valley National Bank and borrowed $7500. Title to the tractor was transferred to KAM Properties and a mortgage placed on the tractor, all parties attesting to the lack of other liens thereon. Within the next year, the defendant and other members of the corporation had a disagreement and executed a formal settlement agreement, defendant relinquishing all his interests to KAM Properties.

The second annual payment to the Bank of America became due following the settlement. KAM did not pay the installment. Defendant consulted with the Bank of America and then made plans to have the tractor removed to California. Before 5:00 in the afternoon, defendant was observed driving the tractor toward the road when it appeared it had run out of gas. He stopped, left the tractor on the side of the road, and drove away in his truck. The next morning the tractor was gone, and defendant admitted he had sent his son to complete delivery of the tractor to California.

The defendant admitted he had had the tractor removed. All parties agreed he had been authorized to purchase the tractor, finance the balance, and be held harmless for the amount due. Great disagreement exists as to the Valley Bank loan, defendant contending the $7500 was used to pay the $4000 payment due, his $2800 down payment, and trip costs. Mr. Karam contends the entire amount was for the tractor, although clearly some money would still be owing. He denied having been told when the second payment was due.

No one from the Bank of America testified. However, there is uncontroverted testimony [1] of defendant that he has paid the Bank of America the amount due, which awaits KAM Properties' payment, at which time he will get his money back and the tractor will be returned.

The jury, after hearing all the evidence, found defendant guilty of grand theft. The trial court denied defendant's motion for a new trial, and defendant raises two issues on appeal:

(1) Was the verdict contrary to the weight of the evidence?

(2) Did the State fail to prove defendant had the intent to steal?

We take these contentions together.

Defendant contends that there was no evidence that he intended to steal the tractor. In particular, he contends that there was no evidence of *animus furandi*, to wit, that he intended to deprive the owner of possession for his own use.

1. Where objection to testimony is sustained, but no motion to strike is made, the answer becomes part of the record. Coffer v. Lightford, 129 Cal.App.2d 191, 276 P.2d 618 (1954); Lee v. Hackney, 110 Cal. App.2d 444, 242 P.2d 933 (1952); State v. Gunther & Shirley Company, 5 Ariz. App. 77, 423 P.2d 352 (1967).

The State, on the other hand, argues that *animus furandi* was proven by defendant's lying about taking the tractor when first asked. The State admits that had he asserted his claim of right, then he would have cleared himself. It maintains, however, that the fact that he lied is sufficient evidence from which the jury could find defendant guilty. At oral argument, the State further argued that the lack of open and notorious conduct of defendant proved he had an intent to steal.

Taking the facts in a light most favorable to sustaining the verdict, there is no evidence which contradicts defendant's claim that pursuant to his right under the contract holding him harmless for the debt in question and his obligation under the bank note, and after consulting with the Bank of America, he removed the tractor which will be returned when the debt is paid. The State makes much of the arguably dubious financial arrangements of the parties as to the tractor, and defendant's lack of truthfulness as to who took it. They believe this is enough evidence to prove defendant intended to steal the tractor and permanently deprive KAM Properties of its use.

 The correct rule is that the taking of property under a contractual claim of right, in good faith, however ill-advised, is not larceny. 2 Wharton's Criminal Law § 456–57; 50 Am.Jur.2d Larceny § 41. To constitute theft, there must be proof of *animus furandi*. State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964); State v. Bradley, 3 Ariz.App. 70, 412 P.2d 67 (1966), and the State carries the burden of so showing.

■ Defendant's Exhibit B clearly shows defendant was listed as owner and primary debtor on the security agreement for the tractor to the Bank of America. The tractor was shown to be located on defendant's California ranch. And both parties concede defendant, by resolution, was to be held harmless for this debt. We do not believe defendant's taking of the tractor was necessarily a valid claim of right, but we do believe it was a claim of right. And we do not believe any evidence

proved defendant did not act in good faith in his taking the tractor. Mere lack of truthfulness is not evidence of criminal intent, State v. Hill, 12 Ariz.App. 196, 469 P.2d 88 (1970); People v. Draper, 69 Cal. App.2d 781, 160 P.2d 80 (1945); nor does it depreciate from defendant's uncontroverted statements of his conduct in contacting the bank, setting up procedure for KAM Properties to reclaim the tractor, and the daylight taking and subsequent unconcealed holding of the tractor. 50 Am.Jur.2d Larceny § 41.

Judgment reversed.

HOWARD, C. J., and HATHAWAY, J., concur.