THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES RUSSELL, Defendant-Appellant.

(No. 54377;

First District—September 12, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Stephen R. Kramer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The defendant was arrested and charged with burglary. He waived his right to a jury, was tried by the court, found guilty and sentenced

to serve a term of two to five years. Preceding defendant's trial, two co-defendants, Robert Lewis and David Smith, were tried and convicted of the same crime. The conviction of Lewis was reversed in *People v. Lewis,* 97 Ill.App.2d 255, on the ground of reasonable doubt. The facts follow.

On January 9, 1966, Chicago Police Officer James Meli was directed to investigate a truck parked at the side of the building at 2142 West 79th Street, the address of Marcella, Incorporated, a weatherstripping company. Meli parked his squad car in a manner which blocked the left front of the truck, drew his hand gun and walked over to the truck. He saw co-defendant David Smith arranging weatherstripping · inside the truck. Smith told Meli he was preparing to fix a flat tire. Meli told him to get out of the truck and up against the building, then arrested him and radioed for assistance. When Officer Williams arrived in answer to the call he detained the prisoner while Meli started toward the building.

Meli testified that as he rounded the back of the truck he saw a man come out of Marcella's with a sledge-hammer in his hand. When the man saw Meli he threw the hammer into the truck cab and ran west on 79th Street. Meli yelled, "There goes another burglar, Williams, stop him." Williams chased the suspect down 79th Street, yelling for him to stop and firing warning shots, but was unable to overtake him. He then returned to his squad car, radioed a flash description of the suspect, and continued patrolling the area. The defendant was arrested a short time later by a third police officer on Western Avenue at 82nd Street and taken to the scene of the crime, where Officer Meli was asked to identify the defendant. After having him turn around so that he could look at him from the rear, Meli said he thought the defendant was the man who had fled from him on 79th Street. Defendant was then taken to the Sixth District Station House where he was later identified by Officer Williams.

Co-defendants Smith and Lewis were tried together and convicted. On June 10, 1968, Lewis' conviction was reversed on the ground of reasonable doubt. On July 23, 1968, while awaiting trial, defendant sent a letter to Joseph J. McDonough, Clerk of the Circuit Court, requesting a copy of the transcript of the trial of Lewis and Smith. He was advised that a court order would be required before his request could be granted. On August 12, 1968, defendant filed with a court a motion *in forma pauperis,* requesting a copy of the transcript, explaining that it was essential to the preparation of his defense. The record is not clear as to what disposition was made of that motion, but defendant never received

a copy of the transcript. Subsequent demands made by defense counsel during the trial were refused.

■■ Officer Meli, a key witness against defendant, also testified extensively at the trial of the co-defendants. Without a copy of the transcript, however, defendant was unable to cross-examine with respect to Meli's previous testimony or to search for any inconsistencies which might exist. The State contends that defendant was not prejudiced because the State made no use of the transcript in preparation of its case. However, a defendant is not prejudiced only where he is denied access to transcripts which were employed by the State at the prosecution of the trial. (*People v. Johnson*, 31 Ill.2d 602.) Moreover, a transcript which is of little value to the State in preparation of its case might be of great value to the defense in preparation of its case.

■■ The State contends that the transcript was a matter of public record and therefore not discovery material. The record indicates that defendant made a written demand upon the Clerk of the Court for a copy of the transcript; that in accordance with the Clerk's response defendant sought an order of court; and that there is no definite indication of the determination of that motion. Defendant's efforts were more than adequate. The transcript cannot truly be considered a matter of public record unless it is open to inspection after reasonable efforts have been made to secure a copy.

■■ The law in Illinois is well established that where there has been a mistrial a defendant is entitled to a copy of the transcript, free of charge if he cannot afford one, to aid him in the preparation of his second trial. *People v. Delafosse*, 36 Ill.2d 327; *People v. Miller*, 35 Ill.2d 615; *People v. Telio*, 1 Ill.App.3d 526.

■■ The defendant was entitled to a transcript of the evidence in the Lewis-Smith trial. The judgment is accordingly reversed and the cause is remanded for a new trial with directions that the State provide defendant with a copy of the required transcript.

Reversed and remanded with directions.

BURKE and LEIGHTON, JJ., concur.