## GEORGE WHITE *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1.  PRACTICE—*limiting arguments of counsel to jury.* On the trial of one for larceny, where four witnesses were examined in chief for the prosecution, three for the defendants and two for the prosecution in rebuttal, it was held error for the court to limit the argument of counsel to five minutes each. Such limitation was held unreasonable, and substantially a denial of the constitutional right of the accused to be heard by counsel.

2.  While the court must have and exercise a large discretion in limiting the arguments of counsel, it must always be a reasonable restriction, to be determined from the character and circumstances of the case on trial. In a criminal case it should not be such as to deprive the prisoner of the right to make his defense before the jury, and to be heard by his counsel on his whole case.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

At the March term, 1878, of the Criminal Court of Cook county, plaintiffs in error, George White and Emma White, were tried before a jury upon an indictment for larceny. The trial resulted in a verdict of guilty against them both, and they were sentenced to imprisonment in the penitentiary, the former for a term of four years, and the latter for a term of two years.

It appears from the bill of exceptions taken on the trial, four witnesses were examined in chief by the prosecution, that plaintiffs in error examined three witnesses on their behalf, and the prosecution then introduced two witnesses in rebuttal. It further appears therefrom, when the evidence was closed the court ordered and directed the attorneys for the people and for plaintiffs in error be each limited in the time of their respective arguments to the jury to the space of five minutes; that the attorney for plaintiffs in error desired to make an argument to the jury in behalf of his clients, and stated to the court such a limitation gave him a length of time

wholly insufficient in which to make his proposed argument, and unless the court allowed him further time he must decline addressing the jury at all; but the court adhered to, and refused to change said order, and plaintiffs in error then and there excepted to the action of the court in ordering such limitation of time and in refusing to extend the same, and thereupon their counsel declined making any attempt to address the jury.

Mr. JOHN LYLE KING, for the plaintiffs in error.

Mr. S. L. MILLS, State's Attorney, for the People.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This record presents a grave and important question, that is now for the first time submitted to this court for decision. The first clause of the ninth section of article two of the constitution of the State provides, that in all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel. The right of trial by jury is guaranteed by the fifth section of the same article of the constitution; and section 431 of the Criminal Code makes the juries in all criminal cases judges of both the law and the fact. In *Meredeth* v. *The People,* 84 Ill. 480, this court said:• "The argument of a cause is as much a part of the trial as the hearing of evidence. It is a right in his defense secured by the law of the land, of which a citizen can not be deprived."

In *Ward's case,* 3 Leigh, 744, a criminal case, where the evidence was all on the side of the commonwealth, and was unimpeached, and the trial court was of the opinion the testimony was clear and distinct as to the fact charged, and that it could not be varied by argument of counsel, it was held by the General Court of Virginia it was not in the discretion of the court to prevent the counsel of the accused from arguing the question of fact before the jury, and that it was the right of every party accused with crime to be heard by counsel on his whole case.

The plaintiffs in error had an undoubted right, under the very bill of rights itself, and by the law of the land, to defend by counsel, and to insist such counsel should have reasonable opportunity to discuss before the jury both the facts and the law of the case. This was a constitutional and substantial right of which no court could properly deprive them. It was not a mere empty and nominal right to have an argument made in their behalf that would necessarily be but a brief and idle form,—to have a discussion of the law and the evidence that was confined within a space of time so short as to be wholly inadequate to afford any opportunity to examine or discuss either the law or the evidence involved. Surely such was not the right deemed by the people of sufficient importance to be incorporated into the fundamental law of the land.

The indictment was for a felony. The value of the property alleged to be stolen was found by the jury to be $125, and on the trial quite a number of witnesses were examined. The evidence was to some extent conflicting, and much of it was of a circumstantial character, and several issues, both of law and of fact, were involved in the case. These questions, of either kind, were to be determined by the jury. We can readily see it was utterly impossible for counsel to intelligently discuss either branch of the case in the brief space of five minutes.

The right of argument is only valuable as it will afford an occasion to impress and influence the tribunal to which it is made.

This can only be done by a process of reasoning,—by a presentation of points and considerations addressed to the understanding and experience. The limitation of five minutes was a virtual denial of the right of the accused to be heard by counsel. The fraction of time to which counsel was restricted was unreasonably short, and wholly insufficient to enable him, be he ever so terse, to discuss the case with a reasonable hope of any probable, if even possible, effect upon the determination of the issues.

In *The People* v. *Keenan,* 13 Cal. 581, the defendant was tried upon an indictment for murder, and the trial court limited his counsel to a speech of an hour and a half, and to this action of the court an exception was taken; at the expiration of the hour and a half the prisoner's counsel applied for an extension of the time so as to enable him to finish his argument to the jury, but his application was refused, and he again excepted. The case was one depending on circumstantial testimony. The Supreme Court reversed the judgment of conviction on account of such limitation of the time allowed for argument, and they said, "It is impossible to deny that if the constitutional privilege of being heard by counsel be allowed at all, it must be so admitted as that the prisoner may have the benefit of a complete discussion of all the matters of law and evidence embraced by the case."

In the case at bar we hold that it was error in the court below to limit the counsel of plaintiffs in error to an argument of five minutes. Such restriction was, under the circumstances of the case, unreasonable, and substantially a denial of a constitutional right. At the same time we fully recognize the fact that a *nisi prius* court must necessarily have and exercise a large discretionary power in matters of this sort; it can limit the arguments of counsel within reasonable bounds,— otherwise the business of the court might be seriously impeded, and to great public detriment. But the restriction must always be a reasonable restriction, and what is reasonable must be determined from the character and circumstances of the case on trial. The limitation should not, in any criminal prosecution, be such as would deprive the prisoner of the right given him by the law to make his defense before the jury and to be heard by his counsel on his whole case.

For the error indicated the judgment of the Criminal Court is reversed, and the cause remanded for a new trial.

*Judgment reversed.*