(No. 18027.—Order affirmed.)
The City of Chicago, Appellee, *vs.* Samuel J. Cohn *et al.*—(Bertha S. Newman, Appellant.)

*Opinion filed June 22, 1927.*

1. Constitutional law—*what constitutes due process of law.* Due process of law, as guaranteed by section 1 of article 14 of the Federal constitution and by section 2 of article 2 of the State constitution, means an orderly proceeding in which a person is served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, and it forbids the taking of one person's property and giving it to another contrary to settled usage and modes of procedure and without notice and opportunity for a hearing.

2. Eminent domain—*order for taking property pending appeal in a condemnation proceeding under Local Improvement act does not violate due process of law.* The provision of section 31 of the Local Improvement act authorizing the court to enter an order for the taking of property pending an appeal in a condemnation proceeding under the act, provided compensation has been paid or deposited with the court as provided in the act, does not contravene the constitutional guaranty of due process of law where the property owner has had full hearing in the condemnation proceeding as provided in the act, notwithstanding the property owner claims she was not notified of the application for the order.

3. Same—*section 31 of Local Improvement act authorizes taking permanent possession.* Section 31 of the Local Improvement act, authorizing the court to enter an order for the taking of

property pending an appeal questioning the amount of compensation allowed in a condemnation proceeding under the act, authorizes the taking of permanent possession, and not merely temporary possession pending the appeal.

APPEAL from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding.

DANIEL S. WENTWORTH, and HENRY O. NICKEL, for appellant.

FRANCIS X. BUSCH, Corporation Counsel, THOMAS A. SHEEHAN, ROSS C. HALL, and IRVIN ROOKS, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The city of Chicago instituted a condemnation proceeding in the county court of Cook county under the Local Improvement act for the widening, from 40 to 80 feet, of Clinton street from Harrison street south to Roosevelt road. The improvement required the taking of two strips of land, each 20 feet wide, abutting, respectively, the east and west sides of Clinton street between the streets designated. Bertha S. Newman owns the lot at the southwest corner of Clinton and Harrison streets. The lot has a frontage of 45 feet and three inches on Harrison street and a depth of 106 feet and nine inches along Clinton street and is improved by two brick buildings. The larger building, three stories in height, occupies the corner, facing 45 feet on Harrison street and 50 feet on Clinton street. The smaller building, which is located to the south of the larger one, consists of two stories and faces 56 feet on Clinton street. Both buildings are built to the respective street lines. For the east 20 feet of the lot and buildings the commissioners awarded the owner $31,825, but the jury, upon a trial, fixed the compensation therefor at $24,320. Judgment was rendered upon the verdict and the owner prosecuted an appeal

to this court. The only question involved on that appeal is the amount of the award. Subsequently, on August 17, 1926, upon the city's motion, made while the appeal was pending, the county court directed the city to deposit with the county treasurer the amount of the compensation so fixed. The money was deposited in accordance with the order. Two days later the county court entered an order authorizing the city to take possession of the property condemned. On September 1, 1926, the city filed with the clerk of the county court its election to proceed with the improvement notwithstanding the appeal from the judgment fixing the compensation to be paid. The owner on September 7, 1926, moved the county court to vacate the order allowing the city to take possession of the property condemned, alleging as grounds therefor that she had not been notified of the application for the order and that the county court was without jurisdiction to authorize the city to take permanent possession of the property during the pendency of the appeal. The motion was denied on September 8, 1926, and from that order Bertha S. Newman prosecutes this appeal.

Appellant's principal contention is that the order authorizing the city to take possession of the property condemned during the pendency of the appeal to review the question of the compensation to be paid contravenes the due process of law guaranties embodied in section 1 of article 14 of the Federal constitution and section 2 of article 2 of the State constitution. The guaranty of due process of law requires that every man shall have the protection of his day in court and the benefit of the general law,—a law which hears before it condemns, which proceeds not arbitrarily or capriciously but upon inquiry and renders judgment only after trial, so that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. (*Hurtado* v. *California*, 110 U. S. 516; *Truax* v. *Corrigan*, 257 id. 312; *Ex parte Wall*, 107 id. 265.) An orderly proceeding in which a person is

served with notice, actual or constructive, and has an opportunity to be heard and to protect and enforce his rights before a court having power to hear and determine the cause, is due process of law. (*People* v. *Cohen,* 219 Ill. 200.) It forbids the taking of one person's property and giving it to another contrary to settled usages and modes of procedure and without notice and opportunity for a hearing. (*Ochoa* v. *Hernandes y Morales,* 230 U. S. 139.) The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. *Simon* v. *Craft,* 182 U. S. 427; *Lent* v. *Tillson,* 140 id. 316; *Turpin* v. *Lemon,* 187 id. 51.

To determine the question raised by the appellant a consideration of the pertinent provisions of the Local Improvement act, (Cahill's Stat. 1925, pp. 321-324,) under which the proceedings in question were conducted, is necessary.

Section 13 of the act provides, whenever the making of a local improvement by a city, town or village shall require the taking or damaging of private property, that a petition in the name of the municipality be filed in a court of competent jurisdiction praying that steps be taken to ascertain the just compensation to be made for the private property so to be taken or damaged. Section 14 prescribes the requirements of the petition and provides for the appointment of commissioners to investigate and report to the court the just compensation to be made to the respective owners. By section 15 the commissioners are required in their report, among other things, to describe the respective parcels of property to be taken or damaged for the improvement, to give the names and places of residence of the respective owners of record and occupants, and to set down the value of each parcel to be taken and the damages which in their opinion will result to any piece or parcel not taken. Section 18 requires the commissioners to file a verified certificate with their report, and section 19 provides for an affi-

davit of ownership. Section 20 provides that every person named in the commissioners' report as an owner or occupant of property to be taken or damaged for the improvement shall be made a party defendant to the proceedings; that summons shall be issued and served upon the defendants as in cases of chancery; that non-resident defendants, and defendants whose places of residence are unknown, shall be served by the posting and publication, for specified periods, of notice, among other things, of the nature and pendency of the proceeding, the parties thereto, the title of the court, the time and the place of the return of the summons in the case, the description of the property to be taken or damaged, and of the total cost of the improvement as shown by the estimate and report. Section 21 requires the mailing of copies of the notice to non-resident defendants at least fifteen days prior to the return day of the summons, and in case the place of residence of a defendant is unknown, then such notice shall be mailed to the person last paying the taxes upon the parcel of land if his place of residence is stated in the report. Section 23 provides for the impaneling of a jury to ascertain the just compensation to be paid to the owner of each lot, block, tract or parcel of land to be taken or damaged. On the hearing the commissioners' report shall be *prima facie* evidence of the compensation to be awarded, but either party may introduce other evidence relevant to the issue. By section 24 a separate trial may be granted upon the demand of any defendant or party interested, and section 25 provides that the court may, upon motion, direct that the jury view the premises to be taken or damaged. Section 30 provides that no appeal or writ of error to review any final judgment in such a condemnation suit shall delay proceedings under the ordinance authorizing the improvement if the petitioner shall file in the case its written election to proceed with the improvement notwithstanding the appeal or writ of error, and shall deposit, as directed by the court, the amount of the judg-

ment and costs after deducting the benefits assessed and adjudged against the property, if any. If the petitioner elects to make such deposit prior to the final determination of the appeal or writ of error, it shall thereby become liable to pay to the owners of and parties interested in the property the difference, if any, between the sum deposited and the amount ultimately adjudged to be the just compensation to be paid, with interest on such difference at the rate of five per cent per annum from the date of making the deposit, and costs. Upon proof that the compensation has been paid to the person entitled thereto or has been deposited as directed, section 31 authorizes the court to enter an order that the petitioner shall have the right, at any time thereafter, to take possession of or to damage the property in respect to which the compensation has been paid or deposited.

The property in question was specifically brought into the condemnation proceeding, appellant was served with summons and appeared, a jury trial followed, upon which the appellant introduced evidence, offered instructions and otherwise participated in the trial, and after the jury's verdict was returned she made a motion for a new trial. Obviously, she had her day in court. She was notified of the proceeding and was afforded the opportunity to be heard in her defense. She availed herself of this opportunity. Judgment was rendered only after trial. The proceeding was conducted under a general law and was adapted to the nature of the case. The court had jurisdiction to hear and determine the cause. The deposit of the compensation awarded with the county treasurer and the consequent order for possession of the property condemned, following trial and judgment in a cause of which the court had jurisdiction both of the subject matter and of the parties, do not contravene the guaranty of due process of law. One trial or hearing, if ample, before judgment satisfies that guaranty. It does not include the right to appeal for a review of the

proceedings. (*Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Backus,* 154 U. S. 421; *Reetz* v. *Michigan,* 188 id. 505; *Saylor* v. *Duel,* 236 Ill. 429; *Bagdonas* v. *Liberty Land and Investment Co.* 309 id. 103.) Hence in the proceeding to condemn, in the rendition of the judgment and in entering the order for possession there was no want of due process of law.

Appellant also contends that the right conferred by section 31 of the Local Improvement act to take possession of the property in respect of which compensation shall have been paid or deposited, prior to the final determination of an appeal or writ of error, is a mere temporary right and does not contemplate the taking of permanent possession of the property. A condition precedent to the order authorizing the taking of possession is the payment or deposit of the compensation fixed by the judgment. The making of the deposit prior to the determination of the appeal subjects the petitioner, as provided by section 30 of the Local Improvement act, to liability to the owner for the difference, if any, between the sum deposited and the compensation ultimately adjudged to be paid, with interest. The deposit and the petitioner's liability for such difference, both of which are unconditional, are substituted for the property taken. The possession which, upon compliance with the conditions prescribed, section 31 authorizes the petitioner to take is not limited or qualified, and in the absence of such a qualification it cannot be said that the possession contemplated by that section is merely temporary and not permanent.

The order of the county court is affirmed.

*Order affirmed.*