**People of the State of Illinois, Plaintiff-Appellee, v. Eugene Tatum, Defendant-Appellant.**

**Gen. No. 50,774.**

First District, First Division.

December 5, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Eugene Tatum, was convicted of attempted robbery after a bench trial and was sentenced to a period of one to five years in the penitentiary. Prior to this trial, defendant filed a petition for a preliminary competency inquiry under Ill Rev Stats 1963, c 38, § 104, and a hearing was held before a jury to determine whether the defendant was competent at the time of the hearing. The inquiry resulted in a directed verdict of competency by the trial judge, and the later bench trial resulted in defendant's conviction. On appeal, the de-

fendant contends that it was error for the trial judge to direct a verdict of competency.

The only evidence presented at the brief hearing was the testimony of Dr. William Haines. He is the Director of the Behavior Clinic which is the psychiatric unit of the criminal court charged, upon order of court, with the responsibility of examining individuals as to their mental ability. Dr. Haines, who has personally examined about 8,000 individuals, testified that he had examined the defendant on three different occasions and was of the opinion that the defendant knows the nature of the charge against him and is able to cooperate with counsel. On cross-examination he stated that he had considered the medical history of the defendant and that these records indicated the defendant was committed to the Galesburg State Hospital between March 3, 1960, and July 6, 1960, and was later admitted to the Jacksonville State Hospital which he left without consent on October 27, 1962. He testified that the defendant's disease was classified at these institutions as a schizophrenic reaction, which Dr. Haines described as a chronic mental condition characterized by disassociation of ideas.

On redirect examination Dr. Haines testified that he had taken the medical history of the defendant into consideration before rendering his opinion, and then he was asked:

Q. Now, did you find at the time you examined Mr. Tatum any schizophrenic reaction at that time?

A. I didn't consider him as a schizophrenic reaction at that time. I called him a sociopathic personality.

Q. What is a sociopathic personality?

A. An individual that is living on the fringe of society, that is able to control his actions if he so wishes.

180

The Public Defender argues that the evidence of defendant's prior commitment raises a prima facie case of defendant's incompetency and therefore the issue of competency should have been submitted to the jury. In support of this contention he relies principally on People v. Rednour, 33 Ill2d 278, 211 NE2d 281, People v. Samman, 408 Ill 549, 97 NE2d 778, and People ex rel. Wiseman v. Nierstheimer, 401 Ill 260, 81 NE2d 900. These cases are readily distinguishable from the case at bar on the facts. In Rednour, the defendant was found insane before trial and while in a security hospital he filed a petition for a writ of habeas corpus in the circuit court, in which he alleged that he had recovered his sanity and prayed for a jury trial to determine both his sanity and his capacity to stand trial for the criminal charge pending against him. The motion for a jury trial was denied and the court, after hearing the evidence, quashed the writ of habeas corpus. In reversing, the Supreme Court held that it was the legislative intent to extend the right of a jury trial to such a hearing, and that it was error to deny the defendant a jury trial. The court also stated that proof of a prior adjudication of insanity raises a presumption the condition continues citing People v. Samman, 408 Ill 549, 554, 97 NE2d 778 and People ex rel. Wiseman v. Nierstheimer, 401 Ill 260, 275, 81 NE2d 900. The court rejected the relator's contention that all evidence of his prior mental condition was inadmissible and went on to say that such evidence was admissible to create a rebuttable presumption that the condition existed at the time of the hearing.

 The sole issue here is whether it was error for the trial judge to direct a verdict of competency based on the testimony in the case at bar. It is hornbook law in Illinois that upon a motion for a directed verdict, the trial judge must construe the evidence most strongly in favor of the party against whom the motion is directed,

and where there is evidence which either supports his side of the case or upon which reasonable minds might reach different conclusions the motion must be denied.

This question was considered in the recent cases of People v. Woods, 26 Ill2d 557, 188 NE2d 1, and People v. Brown, 31 Ill2d 415, 201 NE2d 409, in which the Supreme Court upheld directed verdicts of sanity under circumstances similar to those in the present case. In both cases Dr. Haines was the only witness and testified that, in his opinion, the respective defendants could understand the nature of the charge against them and could cooperate with counsel. The medical history in each case indicated that the defendants had been previously committed to the Dixon State Hospital.

The Supreme Court in Woods stated that:

> Commitment to a mental institution indicates that a person needs mental treatment, but it does not necessarily indicate that he lacks the mental capacity to stand trial. (Withers v. People, 23 Ill2d 131.) We have held, therefore, that commitment to a mental institution some years prior to trial may not of itself raise a bona fide doubt to overcome the presumption of sanity even though there has never been a restoration order. (People v. Richeson, 24 Ill2d 182.) P 561.

The Court in Brown also concluded that no bona fide doubt existed as to the defendant's insanity and said, "the only relevant factors in determining whether a defendant is competent to be placed on trial are that he understand the nature of the charges against him and that he be able to cooperate with counsel." P 421.

██ In the case at bar Dr. Haines, after three examinations and consideration of defendant's medical background, was of the opinion that he was mentally competent to stand trial. On this record we conclude that the

182

trial court committed no error in directing the jury to return a verdict finding the defendant competent.

The judgment of the Criminal Court is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.