**People of the State of Illinois, Plaintiff-Appellee, v. Fred Turner, Defendant-Appellant.**

Gen. No. 53,156.

First District, First Division.

February 26, 1970.

Dominic R. Fichera, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John R. McClory, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Fred Turner, pleaded not guilty to a two-count indictment charging him and one, Paul Gibson, with the offenses of robbery and theft from the person of Loretta Johnson of $14 and a ring. After a bench trial, the defendant was convicted of theft from the person and was sentenced to two to four years in the Illinois State Penitentiary.

The complaining witness, Loretta Johnson, testified that on October 20, 1967, about 10:00 a. m., she was standing at a bus stop at Western and Madison. Paul Gibson, whom she had seen before, approached her and asked if he was her precinct captain. As they talked, the defendant, Fred Turner, joined them. Mrs. Johnson had also seen him before. She testified that while both Gibson and Turner were standing in front of her, Gibson demanded her money, and when she argued with

him he also demanded her wedding ring. During this time, the defendant said nothing. Mrs. Johnson testified that she extended $14 and her ring to Fred Turner, who took it and ran. When asked why she handed it to Fred Turner, she said because she saw that he and Gibson were together. Two days later, the defendant whom she recognized came into the drugstore where she worked. She phoned her husband who arrived in a few minutes. Mrs. Johnson told her husband that Turner was the man who robbed her, and she said Turner said, "No, it wasn't me, it was my twin brother." Her husband fought with the defendant until the police were called and the defendant arrested.

The defendant denied robbing Mrs. Johnson. He did not recall having seen her before. He said that he was in the vicinity on the day in question and he knew Paul Gibson. The defendant testified that the first he knew of the theft was when two or three men accused him of the crime in the drugstore and a fight ensued.

██ ██ It is the contention of the defendant that he did not commit the offense of theft from the person and that the version of the incident related by the prosecutrix is unreasonable. In support of his contention the defendant cites People v. Barnes, 311 Ill 559, 143 NE 445. In that case, Lillian Barnes was in an automobile which had been stolen by her escort. The court held that the mere presence of a person in a stolen car was not enough to constitute her a principal unless there was something in her conduct showing a desire to encourage, incite or in some manner aid, abet or assist the actual perpetrator of the crime. Reliance on this case and other similar ones by the defendant is misplaced. The defendant in the instant case was not an innocent bystander. He was standing in front of the complainant with Paul Gibson when Gibson demanded her money. He actually took the money and the ring

from the extended hand of Mrs. Johnson, and then he ran. By his conduct, the defendant was shown to have aided, abetted and assisted in the theft as the trial court properly found. In weighing the evidence, the court was not required to disregard inferences that flowed normally from the evidence before it. People v. Brown, 27 Ill2d 23, 26, 187 NE2d 728, 730.

■ ■ The defendant also contends that the identification of him by the complainant is vague, uncertain and so doubtful that it does not produce an abiding conviction of guilt. Since Gibson was the only one who spoke to her, the defendant argues that the second man would not have been the object of her attention nor would her memory have focused as strongly on his appearance and identity. We disagree. The record shows that the complainant had seen the defendant before this incident. The theft took place at 10:00 a. m. in broad daylight. Two days later, the complainant identified the defendant as the thief when he came into the drugstore where she worked. It has often been held that the testimony of one witness, if positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. People v. Solomon, 24 Ill2d 586, 591, 182 NE2d 736, 739. We find no basis in the record for substituting our judgment of the complainant's credibility for that of the trial court.

The judgment of the Circuit Court is therefore affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.