Mario Pittoni, J.
Defendant’s application for an order transferring these cases from the City Court of Glen Cove to another *95 court is granted. The cases are transferred to the District Court of Nassau County.
The alleged .criminal violations are of an ordinance of the City of Glen Cove which prohibits discrimination in the sale of housing because of race or color. The City Court of Glen Cove and the District Court of Nassau County have concurrent jurisdiction over the claimed offenses (Matter of Doran v. District Ct., 45 Misc 2d 212; UDCA, § 2001; UCCA, § 2001). Without question then, the cases could have been instituted in the District Court of Nassau County.
The question is whether the cases, having been initiated in the City Court of Glen Cove, may now be transferred to the District Court of Nassau County. As previously stated, they may be so transferred and the Supreme Court of this State “may transfer ” them (N. Y. Const., art. VI, § 19, subd. a; People v. Graydon, 591 Misc 2d 330).
Witnesses for defendant testified to facts which could lead a reasonable person to doubt whether defendant in these cases could receive a fair trial at present in the City of Glen Cove. I am not saying that defendant could not; I am saying that the uncontested facts adduced before me have raised a doubt in defendant’s mind and could raise a doubt in a reasonable person’s mind as to defendant receiving a fair trial.
The facts testified to tend to show (1) a great deal of local publicity concerning this emotionally and racially charged novel issue in this municipality of 25,000 people, (2) lack of adequate facilities to segregate jurors, witnesses, litigants and general public in the City Courthouse, (3) jurors in the City Court are all drawn from within the city and (4) that incidents have occurred which show how jurors might be affected by the circumstances just mentioned.
I emphasize that I am sure the Judge and a jury in the City of Glen Cove would do all humanly possible to resist all known pressures, would strive to the utmost to render unbiased and unprejudiced justice to the best of their abilities and would decide solely upon the evidence adduced before them. However, our Anglo-American system of justice is still imperfect; it depends too much upon judgments of human beings, with all their frailties and emotions as well as their wonderful qualities. And when human frailties and emotions may be unusually and unnecessarily overtaxed, such overtaxing should be avoided if unintended injustice may otherwise result.
As I stated in the Graydon case (p. 331), “lam mindful of a very important principle of constitutional and criminal law: *96 that both the People of the State and defendant are entitled to an unbiased, unprejudiced, and unpressured finder of facts, be it judge or jury. * * *
1‘ But just as important as the considerations just stated are the following: there must be an appearance that justice is being properly dispensed; both defendant and the public must feel that defendant is getting a fair, unbiased, unprejudiced trial; and it is to the interest of the People of the State that no defendant be improperly convicted or acquitted because a Judge or jury unintentionally bends backwards against one or the other. ’ ’
Again, the application to transfer this case is granted and it shall be transferred to the District Court, Nassau County.
Settle order on notice.