THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWIN DIAZ, et al., Defendants-Appellants.

(No. 54697;

First District—September 28, 1971.

Donald J. Stang, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Arthur L. Belkind, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

After a non-jury trial, defendants Edwin Diaz and Joseph Luke were convicted of attempt theft of a cash register. Diaz was sentenced to serve six months. Luke was admitted to probation for one year. Urging four contentions, they appeal to this court.

■■ First, defendants contend that on two occasions the trial judge refused to consider competent and material evidence. It is claimed that in one instance, during the testimony of a prosecution witness, the trial judge refused to consider finger and palm print evidence. We are satisfied, however, that, as was his prerogative, the trial judge, in the exercise of judicial discretion, limited the scope and extent of direct and cross-examination of a witness. *Mac-Aire Aviation Corp. v. Corporate Air, Inc.* (1970), 6 Conn. Cir. 238, 270 A.2d 849; *People v. Jones*, 343 Ill. 291, 175 N.E. 414; *People v. Wilder*, 119 Ill.App.2d 422, 256 N.E.2d 103.

■■ It is claimed that the other instance occurred when Diaz testified and his lawyer asked him to describe his mental state at the time of the offense. In answer, Diaz said, "Like numb. Quiet sensation." Then the assistant state's attorney objected. The objection was sustained. No motion was made to strike the answer. It is well known that "[w]here objection to testimony is sustained, but no motion to strike is made, the answer

becomes part of the record." (*State v. Abbey* (1970), 13 Ariz. App. 55, 474 P.2d 62. See *People v. Carson*, 341 Ill. 11, 173 N.E. 97; *State v. Shimon* (Iowa 1970), 182 N.W.2d 113; 1 Wigmore on Evidence (3d ed. 1940), § 18.) Therefore, since Diaz's answer was not stricken, it was in the record for whatever materiality it possessed. It follows that in neither occasion did the trial judge refuse to consider competent and material evidence.

■■ Second, defendants contend that Luke was not proven guilty of the crime charged. We have examined the record and find there was evidence, including testimony of the two defendants, which if believed, proved Luke guilty beyond a reasonable doubt. See *People v. Rossolille*, 38 Ill.2d 316, 231 N.E.2d 585; *People v. Bullock*, 123 Ill.App2d 30, 259 N.E.2d 641; *People v. Turner*, 121 Ill.App.2d 205, 257 N.E.2d 186.

Third, defendants contend that improper evidence was received during the aggravation and mitigation hearing. Defendants argue that the State was allowed to prove a 1969 burglary charge reduced to theft for which Diaz, then a minor, was given one year supervision and ordered to pay $50 restitution. It is argued that supervision is not conviction; therefore, defendants insist, Diaz was only arrested. City *People v. Jackson*, 95 Ill.App.2d 193, 238 N.E.2d 196, defendants argue that Diaz was prejudiced when the trial judge, in aggravation of the offense, considered a charge in which he was only arrested and not convicted.

■■ Supervision, as practiced in cases dealing with minors, is a judicial mechanism which is used after evidence shows a defendant guilty of the offense charged. Entry of the finding is delayed with the defendant's consent and he is placed on supervision for a specific period of time. *People v. Parr*, (Ill.App.2d), 264 N.E.2d 850. Therefore, the 1969 case involved more than an arrest. In any event, the trial judge was entitled to the fullest information possible relevant to the sentence to be imposed. *People v. O'Laughlin*, 122 Ill.App.2d 218, 258 N.E.2d 154.

Fourth, defendants contend that they were denied a fair trial and deprived of due process of law when on three occasions, before all the evidence was presented to him, the trial judge pronounced them guilty. The first occasion occurred when defendants' counsel completed cross-examination of the State's second witness.

"Mr. Stang: That is all.

The Court: Finding of guilty.

Mr. Stang: We would like to put on our defense.

The Court: Alright. I will reserve my ruling."

The second occasion was after the State rested its case and cross-examination of defendant Diaz was completed.

"Mr. Weinberg: That is all.

The Court: Finding of guilty.

Mr. Stang: I would like to call Mr. Luke.

The Court: Okay."

The third occasion was after Luke testified.

"Mr. Stang: That is all.

The Court: Finding of guilty.

Mr. Stang: Defense rests."

Defendants argue that these premature findings of guilty reveal an impatient, biased and prejudiced trial judge. In support of the contention that they were denied due process of law, they insist that their trial was an empty formality; that the judge found them guilty before hearing the evidence and without giving them or their counsel the opportunity to argue their cause. In reply, the State points out that the trial judge was willing to reserve his ruling, a willingness he expressed each time the premature action was called to his attention.

■■■  Our constitutional "[g]uaranty of due process of law requires that every man shall have the protection of his day in court and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously but upon inquiry and renders judgment only after trial * * *." (*City of Chicago v. Cohn*, 326 Ill. 372, 374, 158 N.E. 118.) A fair and impartial trial is a judicial process by which a court hears before it decides; by which it conducts a dispassionate inquiry and renders judgment only after receiving evidence. Pre-judgment is the antithesis of a fair trial. In a criminal case, our statutes and constitution contemplate that the trial include an opportunity for the defendant to argue his cause by counsel. Therefore, where a defendant is found guilty before he rests his case, without an opportunity given him or his counsel to argue his cause, and without waiver of the right to argue, he is denied a fair trial and deprived of due process guaranteed by our state and federal constitutions. *Floyd v. State*, Fla. 1956, 90 S.2d 105, 108.

■■■  The right to argue a cause in a criminal case is absolute, even though exercise of the right is subject to the discretionary power of the trial judge to control, within reasonable limits, how the right shall be enjoyed. (See *People v. McMullen*, 300 Ill. 383, 133 N.E. 328; *White v. People*, 90 Ill. 117, 32 Am. Rep. 12.) The disposition of a criminal case that has the effect of denying a defendant the right to argue his case by counsel infringes on an important constitutional right. *People v. Mc-Mullen, supra; Commonwealth v. McNair* (1954), 208 Pa. Super. 369, 222 A.2d 599; Annot., 38 A.L.R.2d 1396, 1404.

■■■  We are mindful that this case originates in a division of the circuit court where judges administer crowded dockets, decide many cases and work under difficult circumstances. However, despite these

handicaps, our standards of judicial conduct require that a judge be "attentive, patient, impartial  \*  \*  \*." (Supreme Court Rule 61(c) (5), Ill. Rev. Stat. 1971, ch. 110A, par. 61(c) (5).) And, it must never be forgotten that the People of the State and the defendants were both entitled to an unbiased and unprejudiced finder of the facts, be it judge or jury. (*People v. Barr* (1970), 64 Misc.2d 94, 313 N.Y.S.2d 155.) A defendant who waives trial by jury and submits his rights and liberty to a trial judge is entitled to the same fair, patient and impartial consideration he would be entitled to by a jury composed of fair, impartial, careful and considerate jurors. (*People v. Trefonas*, 9 Ill.2d 92, 100, N.E.2d 817.) Deeply rooted in our criminal jurisprudence, is the principle that one accused of crime has these rights in all the stages of the trial, no matter how strong may be the evident of his guilt; and if fundamental fairness is lacking in his trial, he is denied due process of law. *People v. Finn*, 17 Ill.2d 614, 162 N.E.2d 354.

■■  These principles compel us to conclude that when defendants were found guilty by the trial judge three times before he had heard the evidence and given them the opportunity to argue their cause by counsel, they were denied a fair and impartial trial. It is insignificant that the judge was apparently willing to reserve his ruling. Compare *People ex rel. Przyblinski v. Scott*, 23 Ill.App.2d 167, 161 N.E.2d 705.) Therefore, the judgments are reversed and the causes are remanded for a new trial.

Reversed and remanded.

SCHWARTZ, J. and STAMOS, J., concur.