THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID ALAN WITHERS, Defendant-Appellant.
Fourth District   No. 16066

Opinion filed September 26, 1980.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, and Steven L. Murray, law student, for appellant.

James R. Benson, State's Attorney, of Paxton (Gary J. Anderson and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant was found guilty by a jury in Ford County of the offenses of theft and obstructing a police officer in violation of sections 16—1 and 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 16—1 and 31—1). He was sentenced to two concurrent 364-day terms of imprisonment.

The evidence revealed that defendant was observed by a police officer and another witness removing coins from a small cash box used by persons purchasing newspapers. He fled the area and was pursued and apprehended by the officer. At that time a scuffle took place between them.

This was, in brief, the State's evidence. The defendant did not present any evidence and does not raise any question of reasonable doubt in this court. He does present three issues for review: (1) whether he was denied a fair trial when the trial court refused to allow defense counsel to argue a motion for directed verdict at the close of the State's evidence, (2) whether in rebuttal argument the prosecutor improperly referred to defendant's failure to testify, and (3) whether the State improperly questioned the officer concerning prior knowledge of, or connection with, the defendant.

We are principally concerned with the first issue. At the close of the State's evidence the following dialogue occurred:

"DEFENSE COUNSEL: The State has rested, has it not? Does the court wish to entertain motions for directed verdict at this time or would it prefer to wait until after the lunch hour?

THE COURT: Do you feel the need for extended argument?

DEFENSE COUNSEL: No sir.

THE COURT: The record may show that the motion is made and is denied.

DEFENSE COUNSEL: That was quite a short argument, judge.

THE COURT: I think it was appropriate to the case."

The statutory basis for a motion for directed verdict at the close of the State's evidence is found in section 115—4(k) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4(k)). There can be no question of the right of any defendant to make the motion. The right to argue the motion is perhaps less clear and admittedly is not of constitutional dimension. In *Herring v. New York* (1975), 422 U.S. 853, 45 L. Ed. 2d 593, 95 S. Ct. 2550, a trial court refused to allow defense counsel to "be heard somewhat on the facts." The Supreme Court reversed, saying that "no aspect of such [partisan] advocacy could be more important than the opportunity finally to marshall the evidence for each side before submission of the case to judgment." (422 U.S. 853, 862, 45 L. Ed. 2d 593, 600, 95 S. Ct. 2550, 2555.) In footnote 13, the *Herring* court also said, "Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process." 422 U.S. 853, 863 n.13, 45 L. Ed. 2d 593, 601 n.13, 95 S. Ct. 2550, 2556 n.13.

No Illinois case dealing with the right to argue a motion for directed verdict has been called to our attention. However, there are two authorities dealing with preemptory behavior by trial judges in bench trials which we find analogous. In *People v. Manske* (1948), 399 Ill. 176, 188, 77 N.E.2d 164, the supreme court said:

"It is also claimed that the trial court committed reversible error in declining to hear argument after the evidence was concluded. As a general rule, in a trial by the court without a jury, we are of the opinion that it is advisable in most instances for the court to listen to argument of counsel, even though it does not appear to be helpful to the court."

In *Manske*, the court concluded, notwithstanding the general rule, that no abuse of discretion had occurred under the facts of the case, but also noted that argument in a jury trial was a matter of right.

In *People v. Diaz* (1971), 1 Ill. App. 3d 988, 275 N.E.2d 210, the trial

court sitting without a jury made a finding of guilty three times without argument. In reversing, the appellate court said:

> " '[G]uaranty of due process of law requires that every man shall have the protection of his day in court and the benefit of the general law, a law which hears before it condemns, which proceeds not arbitrarily or capriciously but upon inquiry and renders judgment only after trial * * *.' (*City of Chicago v. Cohn*, 326 Ill. 372, 374, 158 N.E. 118.) A fair and impartial trial is a judicial process by which a court hears before it decides; by which it conducts a dispassionate inquiry and renders judgment only after receiving evidence. Pre-judgment is the antithesis of a fair trial. In a criminal case, our statutes and constitution contemplate that the trial include an opportunity for the defendant to argue his cause by counsel. Therefore, where a defendant is found guilty before he rests his case, without an opportunity given him or his counsel to argue his cause, and without waiver of the right to argue, he is denied a fair trial and deprived of due process guaranteed by our state and federal constitutions. *Floyd v. State*, Fla. 1956, 90 S.2d 105, 108.

> The right to argue a cause in a criminal case is absolute, even though exercise of the right is subject to the discretionary power of the trial judge to control, within reasonable limits, how the right shall be enjoyed. (See *People v. McMullen*, 300 Ill. 383, 133 N.E. 328; *White v. People*, 90 Ill. 117, 32 Am. Rep. 12.) The disposition of a criminal case that has the effect of denying a defendant the right to argue his case by counsel infringes on an important constitutional right. *People v. McMullen, supra*; *Commonwealth v. McNair* (1954), 208 Pa. Super. 369, 222 A.2d 599; Annot., 38 A.L.R.2d 1396, 1404." 1 Ill. App. 3d 988, 992, 275 N.E.2d 210.

In *McNair*, cited in *Diaz*, the Pennsylvania court said, "We cannot reasonably conclude that an argument made after a decision has been made is always as effective as it might have been if made before such time." 208 Pa. Super. 369, 371, 222 A.2d 599, 600.

All trial judges in this State are governed by the Standards of Judicial Conduct, enunciated by the supreme court in its Rules 61 through 76 (73 Ill. 2d Rules 61-76). Rule 61(c)(14) provides in part:

> "The judge should avoid controversies with counsel which are apt to obscure the merits of the dispute between litigants and lead to its unjust disposition. In addressing counsel, litigants, or witnesses, he should avoid a controversial manner or tone. He should give careful attention to the arguments of counsel and should avoid unnecessary interruptions." 73 Ill. 2d R. 61(c)(14).

■■ We are of the opinion that under the rule and the authorities just cited counsel has a right to be heard on a motion for directed verdict, if he so desires, and that to deny that right arbitrarily is an abuse of discretion and denies a defendant a fair trial. The court has the inherent authority to limit argument, but it has no such right to debar it entirely.

■■ ■ It is fundamental law that no prejudice need be shown when a constitutional right has been violated. The converse of the proposition is less clear, *i.e.*, prejudice must be shown upon a violation of a right of less than constitutional dignity. In the instant case it is no answer to say that the evidence was so overwhelming against the defendant that no prejudice occurred. The arbitrary ruling of the trial court effectively denied the defendant the right to make the motion which is guaranteed by statute. By requesting argument, counsel obviously believed that there was some basis for the motion. What it was we can now never know. Even though the right to argue a motion for directed verdict is of lesser stature than the right to argue the evidence at the conclusion of the trial, it does exist. Otherwise, section 115—4(k) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 115—4(k)) becomes meaningless.

In the instant case the State argues waiver by not objecting to the court's ruling. We do not agree. Counsel stated that he did not believe extended argument was necessary and after the ruling remarked that it was a short argument. We believe that the request for argument and the statement thereafter were at least as strong as the language in *Herring* quoted above.

■■ As to the remaining issues raised by defendant, we have examined the record and find them to be without merit. An examination of the prosecutor's comments reveals that they were merely a passing reference to the uncontradicted nature of the People's evidence. Such a reference is not an allusion to the defendant's failure to testify. *People v. Norman* (1963), 28 Ill. 2d 77, 190 N.E.2d 819.

■■ The matter of the examination of the police officer came at the end of his direct examination as follows:

"Q. So you recognized him from your past encounters.

A. Yes sir."

First, defendant waived the issue by not objecting to the question at trial. (*People v. Underhill* (1967), 38 Ill. 2d 245, 230 N.E.2d 837, *cert. denied* (1968), 316 U.S. 912, 20 L. Ed. 2d 651, 88 S. Ct. 1803.) Second, on cross-examination of the officer defense counsel elicited information that the officer was acquainted with defendant's arrest record but had never arrested him before. The State is not responsible for answers given by its witnesses on cross-examination. (*People v. Burage* (1961), 23 Ill. 2d 280, 178 N.E.2d 389, *cert. denied* (1962), 369 U.S. 807, 7 L. Ed. 2d 555, 82 S. Ct.

652.) Third, the matter was not preserved in defendant's post-trial motion. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

The denial by the trial court of the right of defense counsel to argue his motion deprived defendant of a fair trial. The conviction and judgment are therefore reversed, and the cause is remanded to the circuit court of Ford County for a new trial.

Reversed and remanded.

TRAPP and CRAVEN, JJ., concur.