(No. 54188.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID WITHERS, Appellee.

*Opinion filed December 4, 1981.*

Tyrone C. Fahner, Attorney General, of Springfield, and James Benson, State's Attorney, of Paxton (Robert J. Biderman and Denise M. Paul, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

David Withers was convicted of theft and of obstructing the performance of a peace officer (Ill. Rev. Stat. 1979, ch. 38, pars. 16—1, 31—1) by a jury in the circuit court of Ford County and was given a sentence of 364 days. The appellate court (89 Ill. App. 3d 116) reversed and remanded for a new trial, holding that Withers had been denied a fair trial by the trial judge's refusal to allow defense counsel to argue his motion for a directed verdict at the close of the People's case. We granted the State's petition for leave to appeal.

The defendant's trial lasted only a day. Before the luncheon recess, the State had called three witnesses and had rested its case. Its principal witness was a Paxton police

officer who testified that he saw Withers remove $1.40 from a cash box located outside a drug store. Patrons buying newspapers before the store opened for business deposited money in the box through a slit at the top. The officer testified that Withers ran into a hotel when ordered to halt, and that he overtook and subdued the defendant when he resisted arrest.

After the State had presented its case, there was this exchange between defense counsel and the court.

"MR. WILSON: The State has rested, has it not? Does the court wish to entertain motions for directed verdict at this time or would it prefer to wait until after the lunch hour?

THE COURT: Do you feel the need for extended argument?

MR. WILSON: No Sir.

THE COURT: The record may show that the motion is made and is denied.

MR. WILSON: That was quite a short argument, judge.

THE COURT: I think it was appropriate to the case."

The defendant did not take the stand and did not present any witnesses.

The appellate court held that our procedural law affords the defense a right to argue a motion for a directed verdict and that Withers was deprived of a fair trial. Although the appellate court did not consider the right to argue the motion to be a constitutional right, the defendant contends that the trial judge's summary ruling violated his sixth amendment right to the effective assistance of counsel. In another argument, which the appellate court rejected, the defendant argues that the prosecution's rebuttal constituted an improper reference to his decision not to testify.

We see no merit in the contention that the trial court's denial of argument violated the constitutional assurance of the effective assistance of counsel. The only authority the

defendant cites that recognized a sixth amendment right to argue at trial is *Herring v. New York* (1975), 422 U.S. 853, 45 L. Ed. 2d 593, 95 S. Ct. 2550. There, the court held that the right to the assistance of counsel includes a right of the defense to present closing argument in both bench and jury trials. The decision was based upon the court's recognition that summation was among the most important functions in advocacy at the criminal trial. Because "the right to the assistance of counsel has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary fact-finding process," the court held that a judge could not deny defense counsel an opportunity for closing argument. 422 U.S. 853, 857, 45 L. Ed. 2d 593, 598, 95 S. Ct. 2550, 2553.

Whether there must be opportunity to argue a motion for a directed verdict is distinguishable. Unlike the right of summation, which the *Herring* court traced to early colonial trial procedure (422 U.S. 853, 861 n.12, 45 L. Ed. 2d 593, 600 n.12, 95 S. Ct. 2550, 2555 n.12), the right to move for a directed verdict in a criminal case is of comparatively recent origin. (Comment, *Judgments of Acquittal: The Right to a Non-Jury Trial,* 24 U. Chi. L. Rev. 561 (1957).) In Illinois the right was recognized in the 1930's. (Compare *People v. Logan* (1934), 358 Ill. 64, and *People v. Bruner* (1931), 343 Ill. 146, with *People v. Zurek* (1917), 277 Ill. 621.) Also, the court in *Herring* noted that its decision concerned only the right to argument at the conclusion of the evidence, and it expressly stated that nothing in the opinion should be understood as implying the existence of a constitutional right to oral argument at other stages in the trial or on appeal. (422 U.S. 853, 863 n.13, 45 L. Ed. 2d 593, 601 n.13, 95 S. Ct. 2550, 2556 n.13.) We have found no decision that extended the holding of *Herring* to argument upon a motion for a directed verdict. On the contrary, courts have rejected claims founded on the sixth amendment of a right

to argue at stages other than the time for summation. See, *e.g., Ogle v. Estelle* (5th Cir. 1981), 641 F.2d 1122 (oral argument on appeal); *Brenneman v. State* (1978), 264 Ark. 460, 573 S.W.2d 47, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2863 (argument at close of hearing on motion to suppress); Candler v. State (1977), 266 Ind. 440, 363 N.E.2d 1233 (reservation of opening argument until close of State's case).

The appellate court here, however, said that it found a right to argue the motion under our criminal procedure. The Code of Criminal Procedure of 1963 provides:

"When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant." (Ill. Rev. Stat. 1979, ch. 38, par. 115—4(k).)

Although this language does not expressly confer a right to argue the motion, the appellate court found such a right from reading the statute in conjunction with case law and one of the standards of judicial conduct promulgated by this court.

The decisions the court relied upon were *People v. Manske* (1948), 399 Ill. 176, in which this court observed that it was generally "advisable" for a judge to permit final argument in a bench trial though the judge might not consider it helpful, and *People v. Diaz* (1971), 1 Ill. App. 3d 988, in which the court held that the defendant had been denied a fair trial because the trial judge seemingly found the defendant guilty three times before the presentation of evidence for both sides had been completed. In addition, the appellate court cited Rule 61(c)(14) (73 Ill. 2d R. 61(c)(14)), which provides that the trial judge "should give careful attention to the arguments of counsel and should avoid unnecessary interruptions."

We cannot conclude from this that the defendant here

had an unqualified right to argue his motion for a directed verdict. *Manske,* which preceded *Herring,* involved only closing argument, and it actually held that summation in a bench trial was within the discretion of the court and that a refusal to permit it is reversible error only where it was prejudicial. *Diaz,* despite broad language concerning the right of an accused to argue, involved the due process right to a trial before an impartial finder of fact, rather than the right of an accused to argue at any particular stage of the trial. Similarly, though Rule 61(c)(14) directs trial judges to consider carefully arguments of counsel, it certainly does not declare there is a right to argue at any particular stage.

The defendant nevertheless contends that common sense indicates that the right to make the motion necessarily includes a right to assert the basis for it. The People respond by pointing out that a motion for a directed verdict is unlike a typical trial motion which requires a statement of the ground for the motion so that the court will be informed. For example, a trial court cannot rule on a request for a continuance or a severance unless it is apprised of the reason for the motion. In those cases it is reasonable to say that the right to make the motion implies the right to state the reasons for it. The ground for a motion for a directed verdict, on the other hand, is set out in the statute authorizing the motion, and the ruling on it is based on the evidence presented before the trial judge. Thus, the People conclude, the court should have discretion to decide whether argument would assist it in ruling on the motion.

We agree with the People's position. A motion for a directed verdict asserts only that as a matter of law the evidence is insufficient to support a finding or verdict of guilty. The making of it requires the trial court to consider only whether a reasonable mind could fairly conclude the guilt of the accused beyond reasonable doubt, considering the evidence most strongly in the People's favor. (*United States v. Smith* (5th Cir. 1980), 631 F.2d 391, 394-95; *People*

*v. Tibbs* (1978), 57 Ill. App. 3d 1007, 1012-13; *People v. Tatum* (1966), 77 Ill. App. 2d 178, 181-82.) The ground for the motion is set out in the statute, and the judge, of course, is aware of the ground even if argument on the motion is not permitted.

It is true that when no opportunity for argument is afforded, counsel cannot address the court on specific matters which were not set out in the motion. That alone does not persuade us that an absolute right to argue should be recognized. In a long or a difficult case it is reasonable to assume that a trial court would welcome argument. Even in a case where argument is not permitted, the defendant will be able to assert the claim of error in a post-trial motion.

We consider, therefore, that whether argument is to be allowed upon the making of a motion for a directed verdict is a matter within the sound discretion of the trial judge, who has the responsibility of conducting the trial. (See *People v. Sally* (1959), 17 Ill. 2d 578 (holding that argument on a motion for a new trial is discretionary), *cert. denied* (1960), 362 U.S. 981, 4 L. Ed. 2d 1017, 80 S. Ct. 1069; *People v. Kroll* (1924), 315 Ill. 115 (holding that the amount of time to be allotted for summation also rests in the court's discretion).) A holding denying argument may, of course, be appealed if an abuse of discretion is claimed. See *People v. Bridgeforth* (1972), 51 Ill. 2d 52, 63-65, *appeal dismissed* (1972), 409 U.S. 811, 34 L. Ed. 2d 66, 93 S. Ct. 100; *People v. Harris* (1978), 57 Ill. App. 3d 639, *aff'd* (1979), 74 Ill. 2d 472.

The defendant says that, in the event that argument is to be considered discretionary, the trial judge's summary ruling was an abuse of discretion that denied him a fair trial. We do not judge that the trial court's ruling was arbitrary. The People's case was presented through the brief testimony of three witnesses. That testimony required only 23 pages in the report of proceedings. The charge was uncomplicated. The motion was made immediately after the prosecution had rested. We cannot say it was an abuse of

discretion when the trial court considered it could rule on the motion without the benefit of argument. The court said its ruling was "appropriate to the case." The defendant could and did file a post-trial motion which he had the opportunity to argue. The post-trial motion set out no fewer than 23 claimed defects in the prosecution's case. Somewhat ironically, however, the defendant's attorney expressly waived argument, and the motion was denied.

The appellate court correctly held that there was no improper reference in the prosecution's remarks to the defendant's failure to testify. Speaking in rebuttal to the closing argument of the defense, the prosecutor said:

"[Defense counsel] talked about other explanations and I would submit to you, ladies and gentlemen, there has been no evidence. Evidence is somebody sitting in that chair and telling you something. Evidence is items like this that are admitted. That is evidence."

The appellate court correctly held that these remarks were no more than a statement that the prosecution's case was uncontradicted. In closing argument the defendant's attorney told the jury that the general public must have been authorized to make change from the cash box and that the officer who pursued Withers probably didn't like the defendant and had struck him before he could defend himself. It was not improper for the prosecution to comment that there was no evidence of this. *People v. Hopkins* (1972), 52 Ill. 2d 1; *People v. Mills* (1968), 40 Ill. 2d 4.

For the reasons given, the judgment of the appellate court, which reversed the circuit court of Ford County and remanded the cause, is reversed. The judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*